## MAGGIE ROSS V. THE STATE.

### No. 9600.   Delivered March 31, 1926.

#### 1.—Possessing Intoxicating Liquor—Evidence—Improperly Admitted.

Where, on a trial for possessing intoxicating liquor for the purpose of sale, appellant having introduced as a witness Reeves Lloyd, who testified that the intoxicating liquor that appellant was charged with pos-

sessing was in fact his liquor, was in his possession, and that he had been tried and convicted for such possesson, it was error to permit the state to prove by the witness John K. Ross Jr., what said Ross had testified to on the trial of Lloyd. This testimony was not admissible to impeach Lloyd, and was improperly admitted. See Branch's P. C. Sec. 165, p. 97. Following Hooper vs. State, 272 S. W. 493.

### 2.—Same—Evidence—Cross-Examination—Improper.

Where the witness Lloyd, testifying in behalf of appellant, testified that he had married the appellant in August, 1924, it was error on cross-examination, and over appellant's objection, to show by him that he had been married prior thereto. This testimony was irrelevant and immaterial, threw no light on the issue involved, and was prejudicial to the appellant.

### 3.—Same—Continued.

So also it was error to permit the state on cross-examination to show by the witness Lloyd that he did not take the stand and testify upon his own trial. Whether the said Lloyd testified in his own case or not, we think was immaterial in this case, and not binding on appellant.

### 4.—Same—Impeaching Witness—Not Proper.

Where a witness testifying in behalf of appellant, was shown to have been tried and convicted for possessing intoxicating liquor found on appellant's premises, it was error to permit the state on cross-examination of said witness to prove what was not given in testimony on his trial. Such testimony could not be properly impeaching of Lloyd, being on an immaterial and collateral issue, and should not have been admitted.

### 5.—Same—Evidence—Improperly Admitted.

Where the state was permitted to prove by a witness that he had prosecuted the witness Reeves Lloyd, a witness for appellant, and that on the trial of his case there were several bottles of liquor on the table, but witness could not say that there was no corn whiskey introduced in evidence in that case, such testimony was not relevant to any issue presented in the instant case, was harmful, and calculated to prejudice the jury against the appellant and should not have been admitted.

Appeal from the Criminal District Court of Travis County. Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from a conviction for the possession of intoxicating liquor, for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Warren W. Moore* of Austin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the criminal district court of Travis county for unlawful possession of intoxicating liquor, and her punishment assessed at one year in the penitentiary.

The record discloses that the officers searched the premises of the appellant on March 17, 1924, and found about 5 gallons of whiskey secreted in the woodshed, one quart, a pint and two half pint bottles of whiskey, in an upstairs room, between the mattresses, and a small quantity of whiskey in a half pint bottle in a downstairs room on said premises, and about the 3rd of April, following, witness Young, an officer, found about 60 quarts of tequila concealed on said premises, under a stairway. It was the contention of the defendant, and she introduced testimony to that effect, that she was not interested in said intoxicating liquor, and did not know that same was on said premises. The record shows without contradiction that at the time said premises were raided on March 17, the appellant was not at home, but left the day previous, and was visiting her sister in San Antonio, and remained there for about two weeks. In behalf of appellant Reeves Lloyd took the witness stand and testified that he occupied the upstairs room where the whiskey was found, and that the whiskey found on said premises, as well as the tequila, belonged to him, that he purchased it from parties in San Antonio, and same was delivered to him on the premises of the appellant, and while she was absent, and that he concealed same without her knowledge and consent, and that when the grand jury supoenaed him, before it, he informed the grand jury that all of said intoxicants, including the whiskey and tequila on said premises, was his property, and he further testified, and evidence was introduced to that effect, that the grand jury returned a bill against him, charging him with the possession of intoxicating liquor, on the 3rd of April, 1924, and upon trial was convicted for said offense. The witness Young for the state testified that as a result of what said Lloyd had stated about the officers not getting all of said whiskey on the first raid, he searched the premises again and found the tequila mentioned under the stairway. The state's testimony also showed that at the time the raid was made, that the appellant was a widow, and that the room where the whiskey was found between the mattresses, upstairs, contained clothing such as usually worn by men, and same was occupied by Lloyd. This is a sufficient statement of the facts for a discussion of this case.

There are 17 bills of exceptions in the record, but from the disposition we have made of this case, we will only discuss such questions and bills as we think necessary for a proper discussion of the issues involved.

In bill 11 appellant complains of the action of the court in permitting the state, on cross-examination of witness Lloyd, over her objection, to interrogate him and have him testify as to what her son, John K. Ross, Jr., testified in the case of the State of Texas v. Lloyd, charged with possession of intoxicating liquor, on said April 3rd, 1924, because same was irrevelant, hearsay, immaterial, related to what took place in the absence of this defendant on said trial, and was not binding on her, and would prejudice the jury against her. Said bill shows that the state offered said testimony for the purpose of impeaching the witness Lloyd. We fail to see how the testimony in question, as to what John K. Ross, Jr., testified in the Lloyd case, wherein the appellant was in no way a party thereto, could be binding on her, or serve to impeach the witness Lloyd on a material issue in the instant case. This testimony was not sought for the purpose of impeaching witness Ross. This character of testimony was improperly admitted. Branch's P. C., Sec. 165, p. 97; Hooper v. State, 272 S. W. 493.

Bill 12 complains of the action of the court in permitting the state, after said witness Lloyd had testified to his marriage to the appellant in August, 1924, on cross-examination and over her objection, to ask him and have him testify that he had been married prior thereto. The appellant contends that this testimony was irrelevant and immaterial, threw no light on the issues involved and was prejudicial to her rights. We think the trial court erred in admitting this testimony. Bill 13 complains of the action of the court in permitting the state, on cross-examination, to show by the witness Lloyd that he did not take the stand and testify upon his trial, charged with having in his possession tequila, which was found on the premises of the appellant on April 3, 1924, because said evidence was prejudicial to the appellant and was wholly immaterial, irrelevant and not binding on her. Whether the said Lloyd testified in his own case or not, we think was immaterial in this case, and that such testimony should not have been admitted.

In bill 14 appellant complains of the action of the court in permitting the state, on cross-examination of the said witness Lloyd, to ask him if in his case involving the possession of in-

toxicating liquor, obtained on the raid of April 3rd, if it were not a fact that there was nothing said on his trial or a thing asked a witness in that case by the state or the defendant about whiskey, and if all the questions were not confined to the possession of the tequila found under the stairway. The witness testified in answering thereto that something was said about whiskey. The appellant objected to this testimony because it was irrelevant and immaterial and not binding on her in any way as to what was testified on said trial, and that said testimony was prejudicial and would inflame the minds of the jury against her. The state offered said testimony for impeachment purposes. We think the contention of the appellant is correct, and that said testimony should not have been admitted against the appellant under the circumstances, and it was not proper to impeach said witness on an immaterial or collateral issue. See authorities, supra.

In bill 15 complaint is made to the action of the state in permitting a witness to testify, over her objection, that he prosecuted the Reeves Lloyd case in question, and that "there were several bottles containing liquor on the table, but could not say whether they were introduced in evidence or not, that there was no corn whiskey introduced in evidence in that case." Appellant objected to said testimony because same was immaterial, shed no light on the issue involved in her case, that she was not a party to the matter under investigation at said time, that said testimony was prejudicial and would tend to inflame the minds of the jury against her. We think the appellant's contention is correct, and that it was error to admit this testimony. What we have said in reference to bills 14 and 15 apply to bill 16, relative to the admission of the evidence of the witness Young, as to the kind of intoxicating liquor introduced in evidence on the Reeves Lloyd trial.

There are several bills of exceptions in the record complaining of the questions propounded by the attorney prosecuting, to the jury, and the conduct of the said attorney, in conducting the case, which appellant contends was done wholly for the purpose of prejudicing the jury against her, but in view of the disposition we have made of the case, and that said issues are not likely to arise upon another trial, we deem it unnecessary to go into a discussion of same at this time.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.