## Opie Hooper v. The State.

### No. 9055.　Delivered May 13, 1925.

1.—Possessing Intoxicating Liquor—Practice in Trial Courts—Non-Essential Objections.

If trial courts would more earnestly endeavor to obviate grounds of objection urged by appellants, which could not injure the cause of the state, and probably do not injure the cause of the accused, but are not material to the maintenance of the prosecution, it would cut down the length of records, and save the presentation of so-called errors.

2.—Same—Continued.

Illustrative of above, in the instant case the state was permitted, to read to the jury both counts of an indictment against appellant, evidently for purpose of impeaching him. He had been tried and convicted under the first count, and for that reason objected to the reading of the second count. While not ordinarily grounds for a reversal. we can yet see no reason for overruling such an objection, nor what possible benefit to the state accrued by reading the second count

3.—Same—Further Illustration.

Appellant requested the court while the jury was being examined on their *voir dire,* to retire those not being examined, there being ample room in the court house to take care of those in retirement. This request was refused by the court, and all of the jurors permitted to remain. Unless it was shown that the examination was hurtful, it would not be a reversible error, but we can see no good reason for its refusal.

4.—Same—Juror—Prejudiced Against Accused—Disqualified.

Where a juror on his *voir dire* states that he is prejudiced against the accused, he should not be permitted to serve on the jury, notwithstanding that he says he can give the defendant a fair and impartial trial. There is a broad and fundamental distinction laid down in our statutes between a juror who is prejudiced, and one who has an opinion.

5.—Same—Continued.

Under the 12th subdivision of Art. 692 C. C. P. one who has a bias in favor of, or prejudice against, the defendant may be challenged for cause,

while under the 13th subdivision of said article, a juror may be qualified, if he has an opinion, but can lay such opinion aside and give the accused a fair and impartial trial, and, cannot be challenged for cause, unless his opinion would be calculated to influence his verdict.  See pages 373, 374 and 375, Vernon's Ann. C. C. P., for collation of authorities.

### 6.—Same—Evidence—Statements of Accused—After Arrest—Not Admissible.

A conversation *held* between the accused and his wife, after his arrest and while he was in the custody of the officers, should not have been admitted. He was under arrest at the time, and her statements were hearsay.

### 7.—Same—Evidence—Impeaching—On Immaterial Issue—Erroneous.

A witness should not be impeached by contradicting his testimony on an immaterial issue.  Appellant testified that he told his wife that he had sold some pecans and what they brought.  The state then proved by an officer that appellant did not tell his wife that he had sold the pecans, and how much they brought.  Just what light is shed on the issue of his possession of intoxicating liquor, by this testimony is difficult indeed to understand, but the matter is certainly not material, and its admission was error.

### 8.—Same—Statement of Case—Practice in Trial Court.

It is provided by Art. 717 of our C. C. P. that counsel for the defense may state the nature of the defense relied upon and what facts are expected to be proved in their support.  It is error to deny to the defendant a reasonable exercise of this privilege.

Appeal from the District Court of Bastrop County.  Tried below before the Hon. R. J. Alexander, Judge.

Appeal from a conviction for possessing intoxicating liquor for purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

*R. A. Brooks, J. F. Hair,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Bastrop County of possessing intoxicating liquor for purposes of sale, and his punishment fixed at one year in the penitentiary.

So many careless inaccuracies appear in the preparation of this transcript as to cause this court much delay and some doubt as to whether a new one should not be ordered.  If the words misspelled and misplaced in the transcript appeared in the original, many of the proceedings were erroneous.  If trial courts would more earnestly endeavor to obviate grounds of objection urged by appellants, which could not injure the cause of the State, and probably do not injure that of the accused, but are not material to the maintenance of the prosecution, it would cut down the length of records and save the presentation of so-called errors.

In the instant case it appears from the record that at a former time appellant was convicted upon the first count of an indictment containing two counts, his case was appealed and reversed. When called for trial at the time the present conviction was had, appellant objected to the presentation and reading of the second count to the jury, insisting that it might have some hurtful effect upon them. While we would not be inclined to reverse a case for the refusal to comply with this request, unless same injury was shown, still we can see no reason why such a request should not be complied with. It is also shown that during the examination of the jury panel a request was made of the trial court that the jurors not yet examined be retired from the court room inasmuch as many questions would be asked of a character that might affect the jurors not yet examined. The motion of the appellant in this regard stated that there was plenty of room in the court house to which the remainder of the jury could be retired during such examination. Unless it was shown that the examination was hurtful, it would be difficult for this court to conclude that the refusal of such a motion was reversible error, but we can see no good reason for its refusal.

By a bill of exceptions it is shown that after the peremptory challenges of the accused had been exhausted a juror was examined who stated that he had a prejudice against persons being in possession of whiskey save upon the prescription of a doctor. He reiterated this proposition several times and said in one instance that if a person was shown to be in possession of whiskey he would require him to prove his innocence and that he did not have it for purpose of sale. To the district attorney upon his examination, contradictory answers were made. The bill of exceptions thereupon shows that the court propounded to the juror the following question: "Notwithstanding that prejudice against a man for having whiskey in his house you could go into the jury box and discharge that prejudice from your mind and try the case according to the evidence you heard here in the court house and according to the law the court give you in charge, and render a fair and impartial verdict?" To this the juror said: "I certainly would give him a fair trial and everything in justice to him." Thereupon the court overruled appellant's challenge for cause and the juror was permitted to sit on the trial of this case. The 12th subdivision of Art. 692 of our C. C. P. provides that one of the grounds of challenge for cause to a juror is that he has a bias or prejudice in favor of or against the defendant. This is quite different from the 13th subdivision of said article which provides that where a juror has established in his mind a conclusion as to the guilt or innocence of the defendant such as would influence his action in finding a verdict. When a juror seems disqualified under the 13th subdivision it is always permissible to ask him if he can lay aside such opinion and if after

having laid it aside he can give the accused a fair and impartial trial. There is a fundamental distinction between prejudice on the part of a juror and the entertaining of an opinion on his part. When it appears that the feeling had by the proposed juror is really one of prejudice and that it is directed toward the accused, it is not ordinarily deemed possible for such a juror to be qualified by stating that he can lay aside such prejudice, etc. It is easily possible for one who entertains a deep seated prejudice, to believe himself able to lay it aside, but human experience teaches the contrary. Many decisions will be found collated on pages 373-374-375 of Vernon's Annotated C. C. P. bearing on this subject. We are forced to conclude the action of the learned trial judge in overruling the challenge to this juror as unwarranted.

By another bill of exceptions complaint is made of the fact that after being arrested appellant and his wife went into a room adjacent to that occupied by the officer and that he there overheard them in conversation. He was permitted to testify to a strongly criminating statement made by the wife to her husband. This was clearly erroneous. It could not be held competent under the rule that the accused is called on to answer a criminating statement when made in his presence. In this case the husband and wife were having a private conversation and there was nothing in the situation to call upon the accused to enter a denial to what was said by his wife. Her statement was hearsay and not made under such circumstances as to be binding upon appellant.

While on the witness stand appellant testified upon cross-examination that while he and his wife were engaged in this private conversation they discussed the sale of some pecans and how much they had brought. The State was permitted to prove by the officer that he overheard the conversation between appellant and his wife in the adjoining room and that they said nothing about the sale of any pecans or how much they brought. This was objected to as being an attempted impeachment upon an immaterial matter. We think the objection should have been sustained. Whether the pecans were sold, or how much they brought, was in no way material or pertinent to the issue as to the possession of intoxicating liquor. Such proof might have the effect of convincing the jury that appellant had lied, but the matter is not material and its admission was erroneous.

There are bills of exception with lengthy explanations complaining of the refusal of the court to permit appellant as the close of the State's case to make to the jury a statement of what he expected to rely upon for his defense. It is provided by Art. 717 of our C. C. P. that counsel for the defense may state the nature of the defenses relied upon and what facts are expected to be proved in their support. A reasonable exercise of this privilege should not be denied. It is easy to understand how it may be abused, and it is

the right of the trial court to control counsel and to see that no abuse of this right is exercised. However, it should not be denied when claimed.

There are many other complaints that appear unnecessary to put in this record. The labors of this court are very heavy and for a man forty years old to file an application for suspended sentence in a case such as this when the right to same is clearly denied him by statute, and this court has so often upheld the law; and also to file attacks upon the statute under which this prosecution is had, based upon grounds considered by this court in many other cases and held adversely to the positions taken. but incumber the record and take the time of this court and should not be indulged in.

For the errors above mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*