## JOSH JOHNSON V. THE STATE.

### No. 10903.   Delivered October 5, 1927.

### Rehearing denied January 25, 1928.

**1.—Willfully Displace a Switch Upon a Railroad—Former Jeopardy—Plea Of—Properly Denied.**

Appellant was originally charged by indictment containing two counts, the first charging murder, and the second misplacing a switch on a railroad. He was convicted on the first count, and on appeal to this court the conviction was reversed. He was then re-indicted, charged in one count, under Art. 1335, P. C. 1925, with misplacing a switch on a railroad. He plead former jeopardy on his last trial, averring that his conviction under the first count of the indictment on his former trial was an acquittal of the second count. His plea of jeopardy cannot be sustained.

**2.—Same—Continued.**

Our statute provides that "The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place." Art. 759, C. C. P. The effect follows whether a new trial is given in the trial court or upon appeal. See Cox v. State, 7 Tex. Crim. App. 495. In Art. 417, C. C. P., the use of separate counts in an indictment is sanctioned, and if either of the counts is good, it is sufficient. Under our precedents the rejection of appellant's plea of jeopardy in this case by the trial court was proper. See Mizell v. State, 83 Tex. Crim. Rep. 305, and Stewart v. State, 35 Tex. Crim. Rep. 175.

**3.—Same—Plea to Jurisdiction—Properly Overruled.**

This cause having been transferred from Wood County to Rains County on a change of venue, appellant plead to the jurisdiction of the District Court of Rains County, because the original indictment against him was still pending in Wood County. The dismissal of the case in Wood County would be an adequate answer to his plea in abatement. See Cyc., Vol. 1, p. 25.

**4.—Same—Continued—Plea in Abatement—Lis Pendens—Rule Stated.**

"The tendency of the later cases and a preponderance of authority sustains the doctrine that it is a good answer to a plea of the pendency of a prior action for the same cause, that the former suit has been discontinued, whether the discontinuance be before or after the filing of the plea. Under this doctrine the plea will be overruled, unless the prior suit is pending at the time of the trial of the second." See Cyc., Vol. 1, p. 25.

**5.—Same—Continued.**

It is also the rule in this state that "The pendency of one indictment does not prevent the grand jury from returning subsequent indictments charging the same offense. See Stovall v. State, 260 S. W. 178.

**6.—Same—Challenge of Juror—On Ground of Bias and Prejudice—Improperly Overruled.**

Where appellant, a negro, was being tried and on his voir dire examination a juror tendered, stated that he was prejudiced against negroes, because a negro had killed his grandfather, the challenge of this juror for cause was erroneously overruled.

**7.—Same—Selection of Jury—Challenge for Cause—Rule Stated.**

In Art. 616, C. C. P. 1925, the twelfth reason set out as a challenge for cause includes prejudice against the defendant. Under this section of Art. 616, C. C. P., which gives the right to have excluded from the panel a biased or prejudiced juror, the trial court is without the discretion to refuse to sustain a challenge on this ground. See Hooper v. State, 272 S. W. 493.

**8.—Same—Selection of Jury—Challenge for Cause Refused—Practice in Trial Court.**

Where a challenge for cause is improperly refused, and appellant has been compelled to challenge the juror peremptorily, he must show injury to avail himself of the error. He must show that by reason of the use of a peremptory challenge some juror was forced upon him who was not a fair and impartial juror, and his bill of exception must specifically set out the facts, naming the objectionable juror. See Loggins v. State, 12 Tex. Crim. App. 65; Connell v. State, 45 Tex. Crim. Rep. 153.

**9.—Same—Statement of Facts—Filed Too Late—Bills of Exception—Not Considered.**

The statement of facts in this case was filed more than ninety days after notice of appeal given, and finding nothing in this record excusing the delay, the statement of facts cannot be considered. Bills of exception and requested charges relating to the ruling of the court upon the receipt and rejection of evidence cannot be appraised in the absence of a statement of facts. See Art. 760, C. C. P. 1925.

ON REHEARING.

**10.—Same—Statement of Facts—Proper Diligence to File—Shown.**

Where appellant shows that the defendant not being able to pay for a statement of facts, his attorney prepared one, and presented it to the District Attorney within proper time, for his approval. The District Attorney refusing to agree to this statement, it was then, within proper time, presented to the trial judge, who, in compliance with Art. 760, C. C. P., prepared and filed a statement of facts, which is entitled to be considered.

**11.—Same—On Rehearing—No Error Shown.**

A careful consideration of the statement of facts in connection with appellant's bills of exception, fails to convince us that our disposition of the case, set forth in the original opinion, was not correct.

**12.—Same—Evidence—No Variance Shown.**

Appellant complains that the indictment charging that appellant interfered with a switch on the "track of the *Texas & Pacific Railroad*" and the proof showing the name of the railroad to have been "the *Texas & Pacific Railway Company*," there was a variance between the allegation and proof. With this contention we cannot agree. The rule invoked by appellant seems to apply where theft is charged, and it becomes necessary to prove want of consent. That is not required under the statute denouncing this offense. See Clay v. State, 65 Tex. Crim. Rep. 590.

**13.—Same—Bill of Exception—Confession—Incomplete—No Error Shown.**

Where appellant complains of the introduction of a written confession on several grounds and his bill fails to set out the confession introduced,

such bill is incomplete and no error is presented. See Pierce v. State, 54 Tex. Crim. Rep. 424, and other cases cited on rehearing.

**14.—Same—Confession of Accused—Leading to Discovery of Evidence of Guilt—Properly Admitted.**

Where appellant told officers that he had broken the lock off the railroad switch and had thrown it in a certain place, where it was found, such statement was admissible, notwithstanding appellant was under arrest at the time. Art. 727, C. C. P., provides that, although a party may be under arrest, if he makes statements of facts that are found to be true, which conduce to establish his guilt, such as finding of secreted or stolen property, or the instrument with which he states the offense was committed, such statement is admissible against him. Under this statute, the statement was clearly admissible.

**15.—Same—Oral Confession—Made Under Arrest—Properly Admitted.**

Where appellant opposed the introduction of his written confession, on the ground that he was assaulted, coerced and compelled to make same by the sheriff in the county jail, shortly before the written confession was made to the County Attorney, the oral statements made by appellant in the jail may not have been properly admitted, but in the light of the written confession and the discovery of the means used by appellant to wreck the railroad train, disclosed in his oral statement, no reversible error is presented.

Appeal from the District Court of Rains County, on a change of venue from Wood County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for willfully displacing and interfering with a switch upon the track of a railroad, etc., penalty seven years in the penitentiary.

This is a second trial of this case, the first trial resulting in a conviction with a penalty of ninety-nine years.

*R. M. Smith* and *Bozeman & Cathey* of Quitman, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—By indictment in the District Court of Wood County it was charged that the appellant "did unlawfully and willfully displace and interfere with a switch upon the track of a railroad," etc. The jury assessed against him a punishment of confinement in the penitentiary for a period of seven years.

On a former trial in the District Court of Wood County the appellant, on an indictment in two counts, was convicted with a penalty of confinement in the penitentiary for ninety-nine years assessed against him. Upon that trial each of the counts contained the language above quoted, each of the counts

charging, however, that as a result of the unlawful act the death of Charlie Cox resulted. The first count charged that the death was brought about by the appellant's act upon malice aforethought—that is, it contained the averments appropriate to a charge of murder. On the trial that count was abandoned. On appeal the judgment was reversed for the reason that upon the count in the indictment upon which the accused was convicted, the maximum penalty allowed by law was confinement in the penitentiary for a period of seven years. After the reversal, the indictment upon which this conviction is founded was returned. The indictment is in substance the same as that upon which the accused was formerly convicted save that in the present indictment the reference to the death of Charlie Cox is omitted. After the second indictment (the one upon which the present conviction is had) was returned, the case was transferred by change of venue to the District Court of Rains County, where the trial at present under consideration took place.

By a plea of former jeopardy appellant asserts that his first trial resulted in an acquittal—that is, that his acquittal of murder operated to exculpate him from prosecution for the criminal act which resulted in the death of the person named in the count in the first indictment, which charged him with murder. The position is not tenable. On the trial from which this appeal is taken, appellant was convicted of the commission of the offense charged in the second count of the former indictment. The state having a right to prosecute him for the offense charged in that count, was privileged to exercise the right either upon the old indictment or upon a new one filed at the time when the offense charged was not barred by the statute of limitations.

The statute reads thus:

"If any person shall willfully place any obstruction upon the track of any railroad, or remove any rail therefrom, or displace or interfere with any switch thereof, or in any way injure such road, or do any damage to any railroad, locomotive, tender, or car whereby the life of any person might be endangered, he shall be confined in the penitentiary not less than two nor more than seven years. If the life of any person is lost by such act the offender is guilty of murder." (Art. 1335, P. C., 1925.)

Upon mature deliberation, this court, upon the former appeal, reached the conclusion that the statute quoted denounces two offenses, namely, (a) that of willfully obstructing a railroad track; and (b) with malice aforethought, by causing the death

of an individual by willfully obstructing a railroad track. As stated above, on the former trial the offense of murder was charged, but was abandoned. In the second count the present offense was charged, which resulted in a conviction and the granting of a new trial by reversal upon appeal. See Johnson v. State, 97 Tex. Crim. Rep. 658. In reaching the conclusion that the plea of former jeopardy is not available upon the facts stated against the present conviction, what is understood to be a rule of practice established by statute and judicial construction of long standing in this state is observed. "The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place." Art. 759, C. C. P., 1925. The effect follows whether a new trial is given in the trial court or upon appeal. See Cox v. State, 7 Tex. Crim. App. 495. In Art. 417, C. C. P., the use of separate counts in an indictment is sanctioned and the declaration is made that if the indictment be good in either of the counts it is sufficient. Art. 8, C. C. P., declares that one shall not twice be put in jeopardy of life or liberty for the same offense. Each of the statutes mentioned has received judicial interpretation as is illustrated by many decisions which are collated in Vernon's Ann. Tex. C. C. P., under the several articles of the statutes mentioned. In number, the cases are too many for review. As we understand them, however, they, with uniformity, support the conclusion announced above, namely, that the law against double jeopardy is not offended in the present conviction. We refer to Mizell v. State, 83 Tex. Crim. Rep. 305; Stewart v. State, 35 Tex. Crim. Rep. 175. In the latter case, Stewart was indicted for rape and incest, each growing out of the same transaction. He was acquitted of rape and against his trial for incest he interposed his prior acquittal of the offense of rape. The rejection of the plea by the trial court was upheld upon appeal. Many other illustrations might be given in the cases collated under the articles of the statute mentioned.

By way of plea to the jurisdiction, appellant contends that the pendency of the old indictment against him in Wood County is conclusive against the jurisdiction of the District Court of Rains County over the offense. Granting that it would be unjust and illegal for the state to prosecute the appellant for the same offense growing out of the same unlawful act in both Wood and Rains Counties, the dismissal of the suit in Wood County would be an adequate answer to a plea in abatement. From Ency. of Law and Proc., Vol. 1, p. 25, the following quotation is taken:

"The tendency of the later cases and a preponderance of authority sustain the doctrine that it is a good answer to a plea of the pendency of a prior action for the same cause that the former suit has been discontinued, whether the discontinuance be before or after the filing of the plea. Under this doctrine the plea will be overruled unless the prior suit is pending at the time of the trial of the second."

There is nothing in the record negativing the idea that the first prosecution had been dismissed at the time of the present trial. If its dismissal was essential, the action of the trial court in overruling the plea would be supported by the presumption that the dismissal had been entered. We will add, however, with reference to both the plea in abatement touching another suit pending and the plea of former jeopardy, that there is found in the record no bills of exceptions, and the judgment of the trial court in overruling the pleas contains a recital with reference to each of them that evidence had been heard preliminary to denying the pleas. This recital would raise the presumption that the averments in the pleas were not sustained by the facts. No intimation is intended, however, that assuming the averments in the plea to be true, the result would be fatal to the conviction. In a recent case it was said:

"The pendency of one indictment does not prevent the grand jury from returning subsequent indictments charging the same offense." (Stovall v. State, 260 S. W. 178.)

The facts in the Stovall case, supra, which was affirmed, and the conclusions announced, are analogous and consistent with the result of the trial of the appellant in the present instance.

In bill of exceptions No. 2 it is made to appear that a juror named Taylor declared on his voir dire examination that "he was prejudiced against negroes because a negro had killed his grandfather." Appellant was a negro and interposed a challenge to the juror for cause, which the court overruled. Appellant excused the juror upon a peremptory challenge. He subsequently exhausted his peremptory challenges and relies upon the transaction as a ground for reversal. In his bill of exceptions supporting this position appellant says:

"The court overruled defendant's challenge for cause and retained said juror upon the panel and defendant was forced to exhaust his challenges upon said juror and defendant did exhaust all of his said challenges allowed by law in selecting the said juror and was forced to take upon said jury jurors that were objectionable to him."

From the averments in the bill it appears that the court was in error in failing to sustain the challenge for cause directed at juror Taylor. In qualifying the bill, the court states that in response to an inquiry by the court the juror said in substance that his prejudice against negroes would not influence him in the trial of the case but that he would give to the accused a fair and impartial trial. The statute, Art. 616, C. C. P., 1925, states the reasons for a challenge for cause. The twelfth reason includes prejudice against the defendant. The thirteenth reason relates to an opinion formed upon hearsay. Touching the last-mentioned reason it was within the province of the court to exercise discretion and to refuse to sustain the challenge where the opinion is based upon hearsay, and the juror feels able to disregard it. It is understood, however, that no such discretion attaches to subdivision 12 of the statute which gives to the accused or the state the right to have excluded from the panel a *biased or prejudiced juror*. Such has been the construction of the statute announced many times. See opinion of Justice Lattimore in Hooper v. State, 272 S. W. 493. Conceding that Taylor was a prejudiced juror and that in refusing to excuse him the court was wrong, the fact remains that he did not sit upon the jury; and the question occurs, does the bill of exceptions show that the improper ruling worked an injury? It seems to be the rule that where the court erroneously fails to sustain the proper challenge of a juror for cause a reversal will not result unless it is made to appear that the error brought injury to the accused. Injury will be inferred where it is made to appear that the challenged juror was excused by the appellant upon a peremptory challenge; that all of his peremptory challenges were exhausted and that thereafter there was placed upon the jury an "objectionable" juror. See Hudson v. State, 28 Tex. Crim. Rep. 338; Keaton v. State, 40 Tex. Crim. Rep. 139; Maines v. State, 35 Tex. Crim. Rep. 113; Branch's Ann. Tex. P. C., Sec. 541. By the term "objectionable juror" is not meant that the juror is subject to challenge for cause but that his examination must show some degree of disqualification such, for example, as the formation of some character of opinion as to the guilt or innocence of the accused. See Connell v. State, 45 Tex. Crim. Rep. 153. Under the conditions mentioned above, to make such a showing as will demand the attention of the reviewing court, it is essential that the bills of exceptions be so framed as to bring before the appellate court knowledge of the facts upon

which it is claimed that the juror forced·upon the accused is "objectionable," as that term is explained hereinabove. In passing upon the matter, Presiding Judge White, in the case of Hudson v. State, 28 Tex. Crim. App. 338, thus expressed the views of the court:

"It is true that defendant says he exhausted his peremptory challenges in the selection of the jury, and that an 'objectionable juror' was put upon him and, notwithstanding his challenge, sat upon his trial. *He does not show wherein said juror was objectionable or the reasons of his objection to him, nor that he was not a fair and impartial juror.* An 'objectionable' juror, in the sense in which the term is used in this connection, means one against whom such cause for challenge exists as would likely affect his competency or his impartiality in the trial. Without some such showing it is idle simply to say that ·a juror is objectionable. Having exhausted his peremptory challenges he is not under the circumstances here presented entitled to exercise a further challenge of this character. Loggins v. The State, 12 Tex. Ct. App. 65." See also Carter v. State, 45 Tex. Crim. Rep. 431.

The case was tried at a term ending on the 30th day of· December, 1926. The statement of facts was filed on the 5th of May, 1927. Notice of appeal was given on the 29th of December, 1926. Ninety days thereafter were allowed within which to prepare and file a statement of facts. The statement found in the record not having been filed within the time allowed by law and finding nothing in the record to excuse the delay, this court has no choice other than to ignore the statement of facts in obedience to Art. 760, C. C. P., 1925.

In the record are a number of bills of exceptions relating to the rulings of the court upon the receipt and rejection of evidence. A lack of knowledge touching the evidence that was before the court and jury precludes this court from appraising the several bills mentioned.

For a like reason this court is not in a position to determine whether the special charges requested were called for by the evidence adduced.

The judgment is affirmed.                    *Affirmed.*


### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—On original submission we declined to consider the statement of facts and some bills of exception

which could not be appraised without knowledge of the facts. It is now made to appear by proper affidavit that on account of appellant not being able to pay for the statement of facts his attorney prepared one and submitted it to the attorney representing the state within the ninety days from the date of overruling motion for new trial. On the same day it was so submitted appellant's attorney was notified by the District Attorney that he could not agree to it, and on the same day it was delivered to the trial judge who prepared the statement of facts found in the record and filed it within forty days after he received the appellant's statement of facts. Subdivision 4 of Art. 760, C. C. P., provides as follows:

"When the duty devolves upon the court to prepare the statement of facts, he shall have such time in which to do so as he deems necessary, not to exceed forty days after he receives the defendant's statement of facts."

By the showing made appellant seems to bring himself within the purview of the statute quoted. It follows that the statement of facts and bills of exception incident thereto should be considered.

The questions disposed of in our original opinion are believed to have been correctly decided and will not be again reviewed.

It was alleged in the indictment that appellant interfered with and displaced a switch on "the track of a railroad * * to-wit, the track of the Texas & Pacific Railroad." It is recited in a bill of exception that the witness Stephens testified that the corporate name of the railroad was the "Texas & Pacific Railway Company," whereupon objection was made to said witness or any other witness testifying as to a wreck on the track of the latter company, as being at variance with the allegations in the indictment. The bill is defective in that it does not set out any further evidence given by Stephens or any other witness. The rule invoked by appellant seems to apply where theft is charged and it becomes necessary to prove want of consent. White v. State, 24 Tex. Crim. App. 231, 5 S. W. 857; Thurmond v. State, 30 Tex. Crim. Rep. 539, 17 S. W. 1098. (See also Note 10, Vernon's C. C. P., Vol. 1, p. 273.) That is not required in the present case. The allegation in the indictment was only the designation of the railroad track where the switch was located. The distinction is pointed out in Clay v. State, 65 Tex. Crim. Rep. 590, 146 S. W. 166, where accused was charged with placing obstructions on the railroad track.

In bill No. 4 appears complaint at the admission in evidence of appellant's confession because it was not the original confession and was not read over to appellant before he signed it. This bill is incomplete in omitting to have incorporated in it the confession introduced. Dement v. State, 39 Tex. Crim. Rep. 271, 45 S. W. 917; Stroube v. State, 40 Tex. Crim. Rep. 581, 51 S. W. 357. However, we note that in qualifying the bill the court says the instrument introduced was a carbon copy of the original, which was read to appellant before he signed it. It appears that both the original and the copy were signed by appellant and properly witnessed. The only difference is that in the warning on the original it is recited that appellant was charged with "murder," which last word was inadvertently omitted in the warning as it appears in the copy introduced. The original was lost and could not be found. If the written confession has been lost it may be proved by parol upon laying a proper predicate. Pierce v. State, 54 Tex. Crim. Rep. 424, 113 S. W. 148; Roberts v. State, 67 Tex. Crim. Rep. 580, 150 S. W. 627. We see no error in the court's ruling in the matter.

Complaint is brought forward by bill of exception No. 5 because of the admission of the confession, based upon the objection that it was not voluntary. This bill is defective in the same particular as is the preceding one in having failed to include therein the confession. Appellant's evidence given on the trial, if true, showed conduct on the part of the officers and those acting with them which would have rendered the confession inadmissible, but appellant's testimony in this regard was contradicted by every witness present when the confession was taken, and the issue of fact thus made was submitted for the jury's determination in an admirable charge on the subject.

In the written confession of appellant was a statement that he had twisted the switch lock off with a bridge spike, and had hidden the lock and spike under the head-block of the switch stand. We gather from the evidence that the lock could not be found at the place indicated. Some months after appellant's arrest and while he was in jail officer Horton testified over objection that appellant told him that he (appellant) had twisted the lock off the switch stand and had thrown it over against a brush pile west of the switch stand; Horton went to the scene of the wreck and found a Texas & Pacific switch lock near the place where appellant said he threw it. The objections urged were, first, that it was not shown to have

been the lock which was missed from the switch on the night of the wreck; and, second, that it was not an instrument with which a crime had been committed, nor the fruits of a crime. The first ground of objection went, we think, more to the weight than to the admissibility of the evidence. As said by the court in qualifying the bill, the finding of the lock as a result of information given by appellant was a strong circumstance that the lock found was the one twisted from the switch stand the night of the wreck. The other ground of objection is, we think, based upon a misconception of the statute. Art. 727 provides that although a party may be under arrest if he "makes statements of fact or circumstances that are found to be true, which conduce to establish his guilt, such as finding of secreted or stolen property, or the instrument with which he states the offense was committed * * * such statements are admissible against him. That part of the statute which refers to the finding of secreted or stolen property or the instrument with which an offense was committed is only illustrative of the evidence which is to be received under such circumstances.

Upon the trial appellant denied any connection with wrecking the train, and claimed that the confession which had been introduced in evidence against him did not speak the truth, was not voluntarily made, but that he was coerced to make it. He testified that the sheriff and other parties came to the jail where he was confined, whipped him severely, told him that a mob was coming for him, and that the sheriff struck him with a pistol, and because of this he did tell them he would say he wrecked the train; that he was then taken before the County Attorney where he made his confession. When the sheriff was called by the state he denied every charge made by appellant upon which was based the claim that the confession was not voluntary—as did every other witness present—and the sheriff while giving his version of the matters occurring in the jail at the very time appellant claims he was coerced, testified that appellant then told them voluntarily that "he wrecked the train by twisting off the switch lock and 'cocking' the switch enough to wreck the train." To the recital by the sheriff of what appellant said while in jail objection was urged. While the ground of objection is not stated in the bill it was apparently based upon the fact that appellant was confined in jail at the time. Appellant himself had opened up an investigation of what transpired in the jail in so far as it related to whether or not he had been coerced. It may be the sheriff was per-

mitted to go too far in his evidence, but under the peculiar facts of the case we are of opinion a reversal should not result. In the written confession are found identically the same statements; appellant made substantially the same statements to the officers as to where he had thrown the switch lock and as a result of which it was there found; it was elicited from the sheriff on cross-examination by appellant himself that several days after the written confession was made appellant, while in jail, told his mother and father that he wrecked the train; while appellant was testifying on direct examination his own counsel elicited from him the fact that he had made this admission to his father and mother. Appellant undertook to explain the admission by claiming that the officers had advised him to so tell them. Under these circumstances we would not be justified in ordering a reversal because of the matter complained of.

The other bills relating to the introduction and exclusion of evidence and the refusal of certain special charges have been examined. They are thought not to manifest error.

The motion for rehearing is overruled.

*Overruled.*