MANUEL SANCHEZ GONZALEZ, JR. V. STATE

No. 31,325. February 10, 1960

50

*Johnson, Hester, Jenkins & Toscano,* by *Abel Toscano, Jr.* of Counsel, Harlingen, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for driving while intoxicated, with punishment assessed at sixty days in jail and a fine of $200.

In view of our disposition of the case a recitation of the facts is unnecessary.

The conclusion is reached that reversible error is reflected in the trial court's action in refusing to sustain appellant's challenge for cause to venireman Bradbury.

The voir dire examination of the venireman reflected that he was so opposed to the drinking of intoxicants and to those who drank such intoxicating liquors as to constitute a bias and prejudice that would render the venireman unqualified for jury service in this case.

Art. 616, C. C. P., enumerates the reasons for challenge for cause of a particular juror and, in the twelfth subdivision, provides, as one of the reasons, "That he has a bias or prejudice in favor of or against the defendant."

It has been the holding of this court that there is a fundamental distinction between prejudice on the part of a juror for which he is disqualified under subdivision 12 of Art. 616, supra, and the entertaining of an opinion for which he may be disqualified under subdivision 13 of the article. While a trial court may hold a juror qualified who states that he can lay aside any opinion which he may have formed, no such discretion vests in the court with reference to a juror with bias or prejudice toward an accused.

In stating the rule in Hooper v. State, 100 Tex. Cr. R. 147, 272 S. W. 493, this court said:

"When it appears that the feeling had by the proposed juror is really one of prejudice, and that it is directed toward the accused, it is not ordinarily deemed possible for such a juror to be qualified by stating that he can lay aside such prejudice."

Under the facts shown in the bill of exception, appellant's challenge to the prospective juror should have been sustained by the trial court. The court's certification that appellant exhausted his peremptory challenges and was forced to accept an objectionable juror shows injury to the appellant. For such erroneous ruling a reversal of the conviction is called for. Hooper v. State, supra; Johnson v. State, 108 Tex. Cr. R. 499, 1 S. W. 2d 896; McBride v. State, 110 Tex. Cr. R. 308, 7 S. W. 2d 1091; Wolfe v. State, 147 Tex. Cr. R. 62, 178 S. W. 2d 274.

By bill of exception No. 3, appellant also complains of the court's action in overruling his challenge to the prospective juror Frank Pena. The facts certified in the bill show that this prospective juror also had a prejudice against the appellant.

Appellant's challenge to that juror should have been sustained by the court.

For the errors pointed out, the judgment is reversed and the cause is remanded.