James Calvin ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 60913.

Court of Criminal Appeals of Texas, Panel No. 2.

March 3, 1982.

Gerald Brown, Temple, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, CLINTON and TEAGUE, JJ.

OPINION

TEAGUE, Judge.

This is an appeal from a conviction for committing the offense of rape, see V.T.C.A. Penal Code, Sec. 21.02. After a plea of not guilty, a jury found appellant guilty and assessed his punishment, enhanced by one prior felony conviction, V.T.C.A. Penal Code, Sec. 12.42(b), at life imprisonment.

Appellant's first ground of error complains of the trial court's refusal to disqualify venireperson Gooch for cause after she admitted knowing the victim of the rape, and several of the State's witnesses.[1]

Art. 35.16(a)(8), V.A.C.C.P., requires that a prospective juror be dismissed for cause when challenged if "he has a bias or prejudice in favor of or against the defendant." This "bias or prejudice" is separate from and in addition to that relating to any applicable law or possible punishment, or from kinship to the defendant, the prosecutor, or any person injured during commission of the offense, all of which is governed by Subsections (b) and (c) of Art. 35.16, *supra.*

The Texas Supreme Court has defined "bias" as "an inclination toward one side of an issue rather than to the other ... [which] leads to the natural inference that [a juror] will not or did not act with impartiality," and defined "prejudice" simply as "prejudgment." *Compton v. Henrie,* 364 S.W.2d 179 (Tex.1963). We hereby adopt those definitions.

The "bias" complained of here consisted of Gooch's tangential acquaintance with the victim and several of the State's witnesses. Although such knowledge may be the source of an existing bias, "the mere fact that a juror knows, or is a neighbor, or an intimate acquaintance of, and on friendly relations with, one of the parties to a suit, is not sufficient basis for disqualification," *Allbright v. Smith,* 5 S.W.2d 970 (Tex.Comm.App.1928). When bias or prejudice are not established as a matter of law, the trial court has discretion to determine whether bias or prejudice actually exists to such a degree that the prospective juror is

1. Mrs. Gooch was a school teacher at Temple High School where the rape occurred. Although she knew the prosecutrix and several of the State's witnesses she did not know appellant. Other than the parties establishing that Mrs. Gooch knew the prosecutrix and several of the State's witnesses, there was no real in-depth questioning of what Mrs. Gooch's relationship to the prosecutrix and the State's witnesses might have been. In *Chambers v. State,* 568 S.W.2d 313 (Tex.Cr.App.1978), this Court held that a tangential acquaintance with the victim *or* the defendant does not justify a trial court sustaining a challenge for cause, and gave in the opinion three examples of relationships which are not sufficient in themselves to sustain a challenge for cause: (1) someone who merely knew the victim when he saw him; (2) someone who worked in the same building with the father of the defense attorney; and (3) someone whose spouse had sold insurance to the family of the victim. Compare, *Noah v. State,* 495 S.W.2d 260 (Tex.Cr.App.1973) (Venireman testified he had known the defendant "since school days," and because of this he preferred not to serve. However, he also testified that "it would be hard" for him "to be fair and impartial in a case like this," and when asked by defense counsel "... you can consider the facts, at this point," he answered, "No, sir." *Held,* the venireman was properly excused).

There is no showing that Mrs. Gooch ever spoke either to the prosecutrix or the witnesses, or vice versa, about the facts of the case, nor was it established that Mrs. Gooch had ever formed in the past any kind of opinion against the appellant.

disqualified and should be excused from jury service. See *Swap Shop v. Fortune*, 365 S.W.2d 151 (Tex.1963).

■ Bias exists as a matter of law when a prospective juror admits that he is biased for or against a defendant, *Brandon v. State*, 599 S.W.2d 567 (Tex.Cr.App.1979); *Williams v. State*, 565 S.W.2d 63 (Tex.Cr. App.1978); *McBride v. State*, 110 Tex.Cr.R. 308, 7 S.W.2d 1091 (1928); *Brown v. State*, 289 S.W. 392 (Tex.Cr.App.1926); *Hooper v. State*, 100 Tex.Cr.R. 147, 272 S.W. 493 (1925); admits prejudice against persons who use intoxicating beverages, when the defendant is charged with an offense involving liquor, *Gonzalez v. State*, 169 Tex. Cr.R. 49, 331 S.W.2d 748 (1960); *Hooper v. State*, supra; see also *Flowers v. Flowers*, 397 S.W.2d 121 (Tex.Civ.App.—Amarillo 1965); or when he admits or demonstrates prejudice toward a racial or ethnic class of which the defendant is a member. See *Evans v. Galbraith-Foxworth Lumber Co.*, 31 S.W.2d 496 (Tex.Civ.App.—Amarillo (1929); *Texas & Pacific Ry. Co. v. Phelps*, 289 S.W. 708 (Tex.Civ.App.—Texarkana 1926); *Makey v. Dryden*, 128 S.W. 633 (Tex. Civ.App.—Houston 1910); cf. *Smith v. Travelers Insurance Co.*, 205 S.W.2d 432 (Tex.Civ.App.—Texarkana 1947). Bias as a matter of law is also shown when the prospective juror admits resentment towards a defendant because of some prior contact with the defendant, see *Williams v. State*, supra, or when the juror is related to the State's primary witness, *Burge v. State*, 117 Tex.Cr.R. 141, 35 S.W.2d 735 (1931).

■ When a prospective juror is shown to be biased as a matter of law, he *must* be excused when challenged, even if he states that he can set his bias aside and provide a fair trial, *Williams v. State*, supra; *Hooper v. State*, supra. However, it is left to the discretion of the trial court to first determine whether or not bias exists. Where the juror states he believes that he can set aside any influences he may have, and the trial court overrules a challenge for cause, its

decision will be reviewed in light of all of the answers the prospective juror gives. See *Swap Shop v. Fortune*, supra; *Wade v. Austin*, 524 S.W.2d 79 (Tex.Civ.App.—Texarkana 1975); *Brown v. Herring*, 466 S.W.2d 664 (Tex.Civ.App.—Eastland 1971). Such was the situation in this case.

■ Venireperson Gooch first stated, in response to the prosecutor's questions, that she could be fair and render a fair verdict even though she knew the prosecutrix and several of the State's witnesses. On further examination by appellant's counsel she admitted that, "knowing them I would be more biased" and that "it would be difficult" to treat them as she would a stranger. However, she also admitted to the prosecutor that she didn't know what the testimony was going to be, that she had no reason to believe any of the witnesses she knew would be untruthful, that just because those persons' names appeared as potential witnesses against the appellant would not prevent her from being fair and impartial, that she would listen to all the testimony in the case and then render a fair verdict based on the evidence, and that she would render her verdict based on what she thought the truth was, and not merely because she thought the State's witnesses were more believable because she knew them. In response to questioning by the trial court she stated that she thought she could set aside her knowledge of the prosecutrix and the State's witnesses and determine the case strictly from the evidence she heard and from the charge the court would give her.

These statements sufficiently support the trial court's implicit finding that Gooch was not disqualified for bias or prejudice, and denying the challenge for cause was not error.

Ground of error number one is overruled.

The second ground of error contends that the trial court erred in allowing a witness, Mrs. Henry, to state that the prosecutrix never changed her story.

The prosecutrix, an 18 year old, mildly retarded female, testified that appellant had forced her to submit to sexual intercourse in a science classroom at Temple High School. Appellant, who worked with the prosecutrix as a fellow custodian at Temple High School, testified that she had consented to the intercourse. Several other witnesses testified that shortly after the intercourse the prosecutrix appeared disheveled, upset, and angry at appellant, to the extent that she pulled a pocket-knife on appellant. Mrs. Henry, a secretary in the vice-principal's office, testified that the prosecutrix told her a short time after the incident that appellant had forced her to have sexual intercourse with him and had related to her some of the details of the occurrence. Another secretary, Mrs. Jones, was present during the prosecutrix' discussions with Mrs. Henry, and Mrs. Jones related the same facts as did Mrs. Henry. The doctor who examined the prosecutrix also testified that the prosecutrix had indicated to him that same afternoon that the sexual intercourse was not consensual.

■ Although several defense witnesses rebutted certain aspects of the prosecutrix' story concerning events preceeding the intercourse, the prosecutrix was never actually impeached as to her testimony regarding the forcible act of sexual intercourse she had with appellant; therefore, it was improper for the prosecutor to bolster her testimony with Mrs. Henry's testimony. See *Ramos v. State*, 141 Tex.Cr.R. 126, 147 S.W.2d 809 (1941); *Hoyt v. State*, 88 Tex. Cr.R. 612, 228 S.W. 936 (1921). However, Mrs. Henry's testimony did not indicate that she had talked with the prosecutrix about the offense on any other occasion, and two other witnesses stated without objection that the prosecutrix had told them the same story, so the error in allowing Mrs. Henry to testify that the prosecutrix never changed her story was harmless error.

Ground of error number two is overruled.

The appellant complains in his third ground of error of the argument the prose-cuting attorney made at the punishment stage of the trial. Two peace officers had testified that appellant's general reputation for the character traits of peaceful and law-abiding was bad. In addition to arguing that this was what the peace officers knew about appellant, the prosecuting attorney additionally argued: "[that this is] all the law permits them to say." Appellant claims that this implied to the jury that there were facts which the peace officers knew about appellant which they could not reveal to the jury because of some proscription in our law. We agree with appellant that this argument was improper.

■ This type of argument was clearly improper because it invited the jury to speculate that there was other evidence detrimental to the appellant which the jury had not heard. If appellant's objection to it had been overruled, a reversal would be required. *Berryhill v. State*, 501 S.W.2d 86 (1973); *Stearns v. State*, 487 S.W.2d 734 (Tex.Cr.App.1972). Appellant's objection, however, was sustained. The general rule is that an instruction to disregard this type argument will usually cure any error, see *Little v. State*, 567 S.W.2d 502 (Tex.Cr.App. 1978); *Lafoon v. State*, 543 S.W.2d 617 (Tex.Cr.App.1976); *Brown v. State*, 505 S.W.2d 850 (Tex.Cr.App.1974); *Magee v. State*, 504 S.W.2d 849 (Tex.Cr.App.1974); *Morgan v. State*, 502 S.W.2d 695 (Tex.Cr. App.1973); *Linzy v. State*, 478 S.W.2d 950 (Tex.Cr.App.1972), unless the prosecutor subsequently attempts to circumvent the court's ruling that such argument was improper. *Boyde v. State*, 513 S.W.2d 588 (Tex.Cr.App.1972). In this cause the trial court instructed the jury, in response to appellant's objection, that they were "not to consider anything other than the testimony given by the witness and not to make any inference from counsel's argument." No further reference was made by the prosecuting attorney to matters outside the record, so we find the improper argument was cured by the court's instruction.

Ground of error number three is overruled.

We have also reviewed the grounds of error alleged in appellant's pro se briefs, and have found them to be without merit.[2]

The judgment in this cause is affirmed.

---

2. Appellant was indicted as an habitual offender. See V.T.C.A. Penal Code, Sec. 12.42(d). When arraigned, he plead "true" to one of the alleged prior convictions, but plead "untrue" to the other alleged prior conviction. A "pen" packet was introduced, and it contained evidence of both alleged prior convictions. However, the trial court submitted the case to the jury as though only one prior conviction was alleged for enhancement of punishment purposes. The jury responded with a finding that appellant had been previously convicted only once, and assessed his punishment as a second offender. See V.T.C.A. Penal Code, Sec. 12.-42(b).

If we understand appellant's pro se contentions, they all relate to the paragraph of the indictment which alleged a previous felony conviction for the offense of forgery by passing, to which paragraph appellant plead "untrue."

Appellant's pro se contentions may have been meritorious, had the record on appeal supported his contentions. See *Minix v. State,* 579 S.W.2d 466 (Tex.Cr.App.1979). However, other than a judgment and sentence which are contained in the "pen packet," and which were introduced in evidence, no other documents pertaining to the forgery conviction, such as the indictment, are in the record on appeal. We are therefore unable to evaluate whether appellant's contentions have merit, and for that reason we decline to review his pro se contentions that his prior conviction for forgery by passing was void.