Quaintance v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-050-CR

     GREGORY LYNN QUAINTANCE,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 90-161-C
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Quaintance of Aggravated Sexual Assault. He elected to have the court
assess punishment and pleaded "true" to an enhancement paragraph alleging one prior felony
conviction. After receiving a pre-sentence investigation, the court assessed punishment at life
imprisonment.
      Quaintance complains that the court erred when it overruled his motion to strike Lacy
Williams from the jury for cause and when it allowed testimony of an extraneous offense over
objection. We will affirm.
      During voir dire examination of the jury, the court inquired whether anyone on the panel
could not sit and listen to the evidence in the case simply because the accusation concerned sexual
assault. The panel indicated by its silence that it could be fair and impartial. Then the court asked
whether it would affect anyone's ability to be fair and impartial if the alleged victim was a boy
under fourteen years of age. Prospective Juror No. 1, Lacy Williams, answered the court as
follows:
[Williams]: I don't believe I could, Judge.
COURT: All right, and Mr. Williams, are you saying that there is no way, that just
because the allegations in and of themselves, that you could not be fair and impartial, Mr.
Williams? [Emphasis added.]
[Williams]: Yes, sir, I am saying that. I think it would just make me sick to listen
to it. So how could I judge it fairly? I am sorry, Sir.
      After making this statement to the court, Williams later related to the prosecutor that he could
be fair and impartial, as he related in the following voir dire questioning:
 [Prosecutor]: Mr. [Williams], ... I know that you said earlier that you had some
questions and doubts about whether or not you could be fair and impartial because of the
nature of the offense. We are all entitled to people who will not make up their minds
until after they hear the evidence. After you have heard me talk a little bit about this, do
you still feel the way you felt or do you feel like you could listen to the evidence, and not
base your verdict, until after you had heard all of the evidence.
[Williams]: I believe I could listen to it.
[Prosecutor]: All right, sir.
[Williams]: You explained it real good, real eloquently.
       Further in the voir dire, Williams stated he could place the Appellant's testimony on an equal
footing with that of the victim and that he had not formed an opinion as to guilt or innocence in
the case.
      Article 35.16 of the Texas Code of Criminal Procedure lists the grounds which justify the
dismissal of a juror for cause. Tex. Code Crim. Proc. Ann. art. 35.16 (Vernon 1989 & Supp.
1992). Subdivision (a)(9) of article 35.16 provides that a challenge for cause may be made if a
juror "has a bias or prejudice in favor of or against [a] defendant." Id. at art. 35.16(a)(9) (Vernon
1989). Quaintance cites Gonzales v. State, 331 S.W.2d 748 (Tex. Crim. App. 1970), as authority
for his claim that Juror Williams expressed a bias or prejudice against him and, therefore, should
have been excused for cause. In Gonzales, a driving-while-intoxicated case, the venireman
expressed that he was opposed to the drinking of intoxicants and to those who drank such
intoxicating liquors so as to constitute a bias and prejudice against the accused. Id. at 749. We
find that Gonzales is distinguishable from the facts of this case in that here the court was inquiring
into the juror's feelings about the crime of aggravated sexual assault and not about any bias or
prejudice against the Appellant.
     Article 35.16 does not include a provision authorizing the disqualification of a juror because
of a bias against a certain crime. Furthermore, prejudice against the commission of a crime is not
grounds for disqualification. Chamberlain v. State, 453 S.W.2d 490 (Tex. Crim. App. 1970);
Wilson v. State, 436 S.W.2d 542 (Tex. Crim. App. 1969). Point one is overruled.
      In his second point Quaintance complains that the court erred in allowing testimony of an
extraneous offense which occurred in the State of Washington approximately four years prior to
the offense in this case. At that time, J. Q., the victim, was three or four years of age. J. Q. was
the first State's witness, and he testified over objection that his father, the Appellant, forced him
to have sex with his two cousins. The testimony concerning the extraneous offense is as follows:
[Prosecutor]: What do you remember happening when you lived out in Washington?
[J. Q.]: Well, I don't remember anything except him making me--me getting
spanked a lot me having to smoke a whole pack of cigarettes.
[Prosecutor]: Do you remember anything happening with your cousin?
[Defense Attorney]: Your Honor, I will object at this time. Counsel is attempting
to go into an extraneous matter.
COURT: If I understood the question, did anything happen to him while--
[Prosecutor]: Right.
COURT: I overrule the objection. Do you remember anything happening to you
while you were with your cousins?
[J. S.]: [Appellant] forced me to have sex with my two cousins.
[Prosecutor]: Okay, do you remember how old they were, were they younger than
you, or older than you?
[J. S.]: They are older than me.
[Defense Attorney]: Your Honor, I wasn't sure of the answer. I could barely hear
it, but I think it is testimony to an extraneous allegation, and I would ask that it be
stricken as non-responsive, and ask the jury be instructed to disregard it.
COURT: Overruled.
[Prosecutor]: You can go ahead and answer the question. Were your cousins older
than you, or younger than you?
[J. S.]: Older.
[Prosecutor]: Okay, and when you say he forced you to have sex with them, is that
what you said?
[J. S.]: Yes.
[Prosecutor]: Can you be more specific and tell me what he made you do?
[J. S.]: He made me put my penis in my sister's vagina.
[Prosecutor]: When you say sister, do you mean your cousin?
[J. S.]: Cousin.
      To preserve a complaint for review on appeal, a party must present to the trial court a timely
request, objection, or motion stating the specific grounds for the ruling he desires. Tex. R. App.
P. 52(a). If the same or similar evidence is admitted without objection, then a previous objection
to the evidence is waived. Brown v. State, 757 S.W.2d 739, 741 (Tex. Crim. App. 1988). To
preserve an alleged error for appeal, an objection must be timely and specific. To be timely, the
objection should be made before the question calling for objectionable testimony is answered in
front of the jury. Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987). Since Appellant
complains that he had difficulty hearing J. Q.'s testimony, we will not be concerned with whether
his first objection to J. Q.'s testimony was timely. We do find, however, that he waived his
complaint when he allowed the same testimony to be admitted without objection when the State
asked J. S. to clarify his previous testimony regarding the extraneous offense. See Brown, 757
S.W.2d at 741; see also Mulden v. State, 707 S.W.2d 908, 914 (Tex. Crim. App. 1986). When
a party fails to effectively communicate his desire, a reviewing court should not hesitate to hold
that the complaint arising from the event has been lost. Lankston v. State, No. 1094-90, slip op.
at 2 (Tex. Crim. App. March 4, 1992). Having so found, we will not consider the questions of
relevancy and balancing of probative value against the danger of unfair prejudice required in
Montgomery v. State, 810 S.W.2d 372, 392 (Tex. Crim. App. 1991) (on rehearing).
      Appellant also complains in his second point that the court erred in failing to give a limiting
instruction concerning the jury's consideration of the extraneous offense. The record does not
reflect that the Appellant requested a limiting instruction at the time the evidence was admitted,
and his right to complain is waived. See Tex. R. App. P. 52(a); see also Thompson v. State, 752
S.W.2d 12, 14 (Tex. App.—Dallas 1988), pet. dism'd, 795 S.W.2d 177 (Tex. Crim. App. 1990). 
Point two is overruled, and we affirm the judgment.
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed June 17, 1992
Do not publish