COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

JUSTIN MICHAEL JONES,
)
 No. 08-02-00465-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 County Court at Law 

)


THE STATE OF TEXAS,
)
 of Midland County, Texas

)


 Appellee.
)
 (TC# 85,631)


O P I N I O N



 Justin Michael Jones appeals his driving while intoxicated conviction. He entered a plea of
not guilty and was found guilty by a jury. He was assessed punishment of ninety days in jail
suspended on community supervision for one year and a $350 fine. 

CHALLENGE FOR CAUSE


 Appellant's main contention in his sole issue for review is that the trial court erroneously
refused to grant his challenge for cause against prospective juror Norma Pederson because (1)
Pederson had known the State's only witness, Deputy Sheriff Al Chitwood, for at least twenty years
and had at one time attended the same church, (2) she believed Chitwood to be an honest man, and
(3) she would believe a police officer more than another witness.

Preservation of Error


 In order for Appellant to preserve his error on the denied challenge for cause, he must first
demonstrate that (1) he asserted a clear and specific challenge for cause; (2) he used a peremptory
challenge on the complained-of venireperson; (3) all his peremptory challenges were exhausted; (4)
his request for additional strikes was denied; and (5) an objectionable juror sat on the jury. Feldman
v. State, 71 S.W.3d 738, 744 (Tex.Crim.App. 2002), citing Green v. State, 934 S.W.2d 92, 105
(Tex.Crim.App. 1996). While the record does not show a specific challenge for cause by the
defense, the court clearly recognized the intent. To avoid forfeiture of a complaint on appeal, the
defendant must let the trial judge know what he wants, why he thinks himself entitled to it, and to
do so clearly enough for the judge to understand him at a time when the trial court is in a proper
position to do something about it. Lankston v. State, 827 S.W.2d 907, 909 (Tex.Crim.App. 1992). 
After the court denied the challenge for cause, Appellant requested two additional peremptory
challenges. The court denied this request as well. Appellant then exercised all of his peremptory
challenges and struck Pederson. However, Sharon L. Musselman, a juror objectionable to the
defense, remained on the jury. Appellant has properly preserved the error for review.

Standard of Review


 When examining a trial court's denial of a challenge for cause, we examine the entire record
to determine whether sufficient evidence exists to support the court's ruling and we defer to the
court's decision because the trial judge has the unique opportunity to observe the demeanor and tone
of prospective jurors. Feldman, 71 S.W.3d at 744, citing Patrick v. State, 906 S.W.2d 481, 488
(Tex.Crim.App. 1995); King v. State, 29 S.W.3d 556, 568 (Tex.Crim.App. 2000). We will reverse
only if the record establishes a clear abuse of discretion. Cantu v. State, 842 S.W.2d 667, 682
(Tex.Crim.App. 1992). If a prospective juror indicates bias or prejudice during a portion of voir dire,
but the record as a whole establishes that the juror can carry out his duty within the law, then the
court does not abuse its discretion in refusing a challenge for cause of the juror. Morales v. State,
875 S.W.2d 724, 725-26 (Tex.App.--Fort Worth 1994), citing Harris v. State, 784 S.W.2d 5, 22-23
(Tex.Crim.App. 1989).

Substantive Law


 A challenge for cause can be made by either the State or defense if a juror "has a bias or
prejudice in favor of or against the defendant." Tex.Code Crim.Proc.Ann. art. 35.16(a)(9)(Vernon
2003). Bias is defined "as an inclination toward one side of an issue rather than to the other." 
Anderson v. State, 633 S.W.2d 851, 853 (Tex.Crim.App. 1982), citing Compton v. Henrie, 364
S.W.2d 179, 182 (Tex. 1963). However, in order for bias to rise to a level warranting
disqualification, the juror's state of mind must appear to "lead[] to the natural inference that [he] will
not or did not act with impartiality." Anderson, 633 S.W.2d at 853, citing Compton, 364 S.W.2d
at 182.

 If a challenged prospective juror is biased as a matter of law, the juror must be struck and 
cannot be rehabilitated. Anderson, 633 S.W.2d at 854; see Williams v. State, 565 S.W.2d 63
(Tex.Crim.App. 1978); Hooper v. State, 100 Tex.Crim. 147, 272 S.W. 493 (1925). Bias as a matter
of law exists when the prospective juror admits he is biased for or against the defendant. Anderson,
633 S.W.2d at 854; see McBride v. State, 110 Tex.Crim. 308, 7 S.W.2d 1091 (1928); Brown v. State,
289 S.W. 392 (Tex.Crim.App. 1925); Hooper, 272 S.W. 493. Bias as a matter of law also applies
where a prospective juror is related to the State's primary witness or cannot impartially judge the
credibility of witnesses. Burge v. State, 117 Tex.Crim. 141, 142-43, 35 S.W.2d 735, 736 (1931);
Hernandez v. State, 563 S.W.2d 947, 950 (Tex.Crim.App. 1978). However, the court exercises
discretion in determining whether or not bias exists. Anderson, 633 S.W.2d at 854. Where the juror
states he believes that he can set aside any influences he may have, and the trial court overrules a
challenge for cause, its decision will be reviewed in light of all the answers the prospective juror
gives. Anderson, 633 S.W.2d at 854; see Swap Shop v. Fortune, 365 S.W.2d 151 (Tex. 1963); Wade
v. Austin, 524 S.W.2d 79 (Tex.Civ.App.--Texarkana 1975, no writ); Brown v. Herring, 466 S.W.2d
664 (Tex.Civ.App--Eastland 1971, writ ref'd n.r.e.).

Relationship with State's Sole Witness


 A mere "tangential acquaintance with the victim or the defendant does not justify a trial court
sustaining a challenge for cause." Anderson, 633 S.W.2d at 853, citing Chambers v. State, 568
SW.2d 313, 337 (Tex.Crim.App. 1978). Although a tangential acquaintance may be a source of bias,
"the mere fact that a juror knows, or is a neighbor, or an intimate acquaintance of, and on friendly
relations with, one of the parties to a suit, is not sufficient basis for disqualification." Anderson, 633
S.W.2d at 853, citing Allbright v. Smith, 5 S.W.2d 970 (Tex.Comm'n App. 1928).

 During voir dire, Pederson described her relationship with Deputy Chitwood as friendship
and acknowledged that she also knew him from church. Upon further questioning, she revealed that
she had known him years ago and the two had friends in common but that she had only seen him
once in recent years. She did not frequent Chitwood's home, and she did not know if Chitwood still
attended her church. The court characterized the relationship as acquaintances rather than friends. 
 We conclude that Pederson's acquaintance with Chitwood does not rise to the level of bias
as a matter of law and would not justify the trial court sustaining a challenge for cause. The record
shows no evidence that Pederson was biased against Appellant, nor does the record show Pederson
was related to any of the parties. See Anderson, 633 S.W.2d at 853 n.1 (holding that the prospective
juror could render a fair verdict in spite of her knowledge of the victim and State witnesses even
though she had commented she may be more biased and that it would be difficult for her to treat
them as strangers because she did not know the evidence at that time and believed she could return
a verdict based on the evidence, not on her relationship with the victim and witnesses). No inference
can be deduced from Pederson's voir dire showing that she was unable to act with impartiality or
was predisposed to one side or the other.

Predisposition to Believe Police Officer Over Another Witness


 Defendants are entitled to impartial jurors - those "genuinely open-minded and subject to
persuasion." Feldman, 71 S.W.3d at 747, citing Jones v. State, 982 S.W.2d 386, 389
(Tex.Crim.App. 1998). If a juror cannot judge the credibility of a witness impartially, then he is
subject to being challenged for cause based on bias or prejudice in favor of or against the defendant. 
Feldman, 71 S.W.3d at 745, citing Jones, 982 S.W.2d at 389. Without exhibition of any extreme
or absolute opinions as to credibility, simply being more or less skeptical of a certain category of
witnesses does not make a prospective juror subject to challenge for cause. Feldman, 71 S.W.3d at
747, citing Jones, 982 S.W.2d at 389. Moreover, jurors are not challengeable merely because they
would give certain witnesses a slight edge in terms of credibility, because complete impartiality
cannot be realized as long as human beings are called upon to be jurors. Ladd v. State, 3 S.W.3d
547, 560 (Tex.Crim.App. 1999), citing Jones, 982 S.W.2d at 389.

 On voir dire, Pederson made the following relevant statements:

  She was not leaning toward Chitwood before hearing the evidence just because she
knew him.


  She could be fair and impartial in the case.


  She had a predisposition to believe a police officer more than someone else.


  She could vote her conviction even if the State did not meet its burden of proof and
its testifying witness was an officer who was a friend.


  She would try hard to look at the evidence but could not say she would not be
swayed one way or another because she knew Chitwood.


  She could listen to Chitwood's testimony and judge it based on whether the State
had made their case.


  She would be able to set aside her friendship and acquaintance with Chitwood in
serving as a juror.


  She had a predisposition to believe Chitwood more than someone else since she
knew him and believed him to be a honest man. 


After Pederson's voir dire, the court responded as follows:


 The Court is not going to strike or challenge Ms. Pederson for cause. I don't believe
that under the circumstances it is a fair question for her. She says, yes, I have this
knowledge of this friend, and she has not heard the cross-examination and she has
not had an opportunity to test the case or the testimony of the witness and she has
indicated that he is not a close friend or anything else, and the Court declines to strike
her under these circumstances or challenge her under these circumstances. 

 

Pederson was not challengeable simply because she was predisposed to believe police officers over
other witnesses. Her statements indicate that she would give only a slight edge to officer witnesses. 
In fact, Pederson exhibited a willingness to act impartially and fairly in the case and to judge the
credibility of the witnesses based on their testimony.

 The record as a whole establishes that Pederson could have carried out her duty as a juror
within the law. Finding no abuse of discretion, we overrule Appellant's sole point and affirm the
judgment of the trial court.


February 5, 2004 

 ANN CRAWFORD McCLURE, Justice

Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)