IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00283-CR

 

Dustin Ray Nails,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 78th District Court

Wichita County, Texas

Trial Court No. 42,010-B

 



MEMORANDUM  Opinion










 

      Nails pleaded guilty to aggravated
robbery, burglary of a habitation, and felony theft, and elected to have his
punishment assessed by a jury.  See Tex.
Penal Code Ann. § 29.03(a) (Vernon 2003), § 30.02(a), (d)(1)
(Vernon 2003), § 31.03(a), (e)(4)(A) (Vernon Supp. 2005).  Nails appeals
his sentences.  We affirm.

I

      Challenges
for Cause.  In Nails’s first two issues, he contends that the trial
court erred in overruling three challenges for cause.  “A challenge for cause
is an objection made to a particular juror, alleging some fact which renders
the juror incapable or unfit to serve on the jury.”  Tex. Code Crim. Proc. Ann. art. 35.16(a) (Vernon Supp.
2005).  

      1.   Statutes.  In Nails’s first
issue, he argues under the Texas statutes.  See Tex. Code Crim. Proc. Ann. art. 35.16 (Vernon Supp. 2005). 
“A challenge for cause may be made by either the state or the defense for
. . . the . . . reason[] . . . [t]hat the juror
has a bias or prejudice in favor of or against the defendant
. . . .”  Id. (a).  “Bias” means “an inclination
toward one side of an issue rather than to the other . . . (which)
leads to the natural inference that (a juror) will not or did not act with
impartiality.”  Anderson v. State, 633 S.W.2d 851, 853 (Tex. Crim. App.
[Panel Op.] 1982) (quoting Compton v. Henrie, 364 S.W.2d 179[, 182] (Tex. 1963)) (parenthetical material in Anderson).  “Prejudice” means “prejudgment.” 
 Id. (quoting Compton [at 182]).  For example,
“[i]n a situation where a prospective juror testifies that he or she believes a
police officer would always tell the truth, . . . such a belief
. . . constitute[s] a bias or prejudice against the defendant.”  Montoya
v. State, 810 S.W.2d 160, 171 (Tex. Crim. App. 1989).  “Bias, by itself, is
not sufficient for a challenge for cause.  Instead, an appellant must show that
the juror was biased to the extent that he or she was incapable of being
fair.”  Henson v. State, 173 S.W.3d 92, 99 (Tex. App.—Tyler 2005, pet.
ref’d) (citing Anderson at 853).

      “When bias or prejudice is not established
as a matter of law, the trial court has discretion to determine whether bias or
prejudice actually exists to such degree that a prospective juror is
disqualified and that the challenge for cause should be sustained.”  Little
v. State, 758 S.W.2d 551, 556 (Tex. Crim. App. 1988).  “When a prospective
juror is shown to be biased as a matter of law, she must be excused when
challenged, even if she states that she can set aside her bias and provide a
fair trial.”  Tran v. State, 167 S.W.3d 483, 487 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d) (citing Anderson, 633 S.W.2d at
854).  “However, it is left to the discretion of the trial court to initially
determine whether such a bias exists and the court’s decision will be reviewed
in light of all of the answers given.”  Id. (citing Anderson at 854). 
“We afford the trial court considerable deference, because it is in the best
position to evaluate a prospective juror’s demeanor and responses.”  Russeau
v. State, 171 S.W.3d 871, 879 (Tex. Crim. App. 2005), cert. denied, No.
05-8398, 2006 U.S. LEXIS 5226 (June 30, 2006), & cert. denied, No.
05-856, 2006 U.S. LEXIS 5237 (June 30, 2006); accord Colburn v. State, 966
S.W.2d 511, 517 (Tex. Crim. App. 1998).  “We will reverse a trial court’s
ruling on a challenge for cause only if a clear abuse of discretion is
evident.”  Russeau at 879; accord Colburn at 517.  “This is
especially true when th[e c]ourt is faced with a vacillating or equivocating
venireperson.”  Banda v. State, 890 S.W.2d 42, 54 (Tex. Crim. App.
1994); accord Russeau at 879; Threadgill v. State, 146 S.W.3d
654, 667 (Tex. Crim. App. 2004).  “[T]o ‘equivocate’ means to ‘avoid committing
oneself in what one says.’”  Smith v. State, 907 S.W.2d 522, 529 (Tex.
Crim. App. 1995) (citing Webster’s Ninth
New Collegiate Dictionary (1991)).  “The trial court is able to consider
important factors such as demeanor and tone of voice that do not come through
when reviewing a cold record.”  Banda at 54.  “In determining whether
the trial court abused its discretion in ruling on a challenge for cause,
. . . we review the voir dire record in its entirety and ask whether
the court had a rational basis for its conclusions.”  Granados v. State, 85
S.W.3d 217, 229 (Tex. Crim. App. 2002).

      “[D]efense counsel has an obligation to
ask questions calculated to bring out that information which might be said to
indicate a juror’s inability to be impartial, truthful, and the like.”  Barajas
v. State, 93 S.W.3d 36, 41 (Tex. Crim. App. 2002) (quoting Gonzales v.
State, 3 S.W.3d 915, 917 (Tex. Crim. App. 1999)); cf. Loredo v. State, 159
S.W.3d 920 (Tex. Crim. App. 2004).

      Nails complains of three veniremen: Green,
Cunningham, and McClard.  

      1.   a.    Green

      As to Green, Nails points to the only
voir-dire examination of him, by the prosecutor, Barber.

      [MR. BARBER:]  [A]nybody on this
panel related to somebody in the law enforcement field, like a jailer or FBI
agent, anybody like that, a jailer out at—or a prison guard, anybody like
that?  . . . .

      . . . .

      VENIREPERSON GREEN: 
. . . .  I worked for the sheriff’s office in Lamar County for three and a half years while I was going through college.

      MR. BARBER: 
. . . .  Do you feel like you could sit in a criminal case and
be fair and impartial to both sides, or do you feel like your experiences would
cause you to be biased?

      VENIREPERSON GREEN:  I think I’d be a
little biased.

(2
R.R. 33, 36.)

 

      Nails’s
counsel, Odiorne, objected to Green, and the following colloquy occurred:

 

      MR. ODIORNE:  No. 40, Mr.
Green, . . . indicated due to his past experience working with the
Sheriff’s Department, he would be biased towards the State in this case.

      MR. BARBER:  I think he said
he might be, Judge.  I’m not sure that he—I think it was vague, but I’ll rely
on your notes.

      THE COURT:  I think—it seemed to be vague
to me.  I’m going to overrule as to 40.

(2 R.R. 144.)

      The trial court did not clearly abuse its
discretion in finding that Green was not biased to the extent of being
incapable of being fair.

      1.   b.   Cunningham

      In response to the same question,
Cunningham testified as follows on examination by the State:

      VENIREPERSON CUNNINGHAM:  I
actually used to work with the police department in Los Angeles.

      MR. BARBER:  I take it, you
were a police officer?

      VENIREPERSON CUNNINGHAM:  Yes.

      MR. BARBER:  Let me ask you
about that.  Do you feel like based on your exposure and having to do what you
did, do you feel like you could sit in a criminal case and listen to the
evidence and be fair on both guilt and innocence and/or punishment?

      VENIREPERSON CUNNINGHAM:  Probably not.

(2 R.R. 35.)  Nails does not point to any
questions that he asked Cunningham, or to any other testimony by Cunningham.

      Nails objected to Cunningham, and the
following colloquy occurred, in which Barber referred to his assistant’s notes:

      MR. ODIORNE: 
. . . .  No. 21, Mr. Cunningham, said he could not be fair in
this case.

      MR. BARBER:  Dobie’s notes
said probably not fair on guilt, so I don’t know—I don’t remember what he said
exactly but that’s what Dobie’s notes say.

      THE COURT:  Well, he seemed to leave some
room there probably in different things.  I don’t think that was clear.  I’m
going to overrule that one.

(2 R.R. 141.)

      The trial court did not clearly abuse its
discretion in finding that Cunningham was not biased to the extent of being
incapable of being fair.

      1.   c.    McClard

      As to McClard, Nails points to the
following testimony:

      MR. BARBER: 
. . . .  If you’re selected as a juror, you’ve got to decide
this case solely on the evidence that you hear and not—and whatever
instructions the Court may give you as to the law.  Do you feel like you could
sit and listen to the evidence and decide the case solely on the evidence and
be fair to both sides?

      . . . .

      . . . .  Mr.—is
it McClard?

      VENIREPERSON McCLARD: 
McClard.

      MR. BARBER:  McClard.

      VENIREPERSON McCLARD:  Yes, my
sister and her family had their car broken into during Christmas and everything
stolen and all that.  

      MR. BARBER:  Anything about
that experience that would keep you from being fair in this case?

      VENIREPERSON McCLARD:  I would
say the way things were handled.  The officers didn’t really check anything. 
He just kind of came through and said, Oh, there’s nothing we can do.

      MR. BARBER:  So you were kind
of upset with them?

      VENIREPERSON McCLARD:  A little bit.

(2 R.R. 43-44.)  Nails does not point to any questions
that he asked McClard, or to any other testimony by McClard.

      Nails objected to McClard, and the
following colloquy took place:

      MR. ODIORNE:  No. 16, Mr.
McClard said he could not be fair in this case.

      MR. BARBER:  I don’t have a
note of that, Judge.  Dobie doesn’t have a note of that.  I don’t know if he
said it or not.

      THE COURT:  I had that he said some things
that he may be impartial but was pretty vague, so I’m going to overrule the
challenge as to 16.

(2 R.R. 139-40.)

      The trial court did not clearly abuse its
discretion in finding that McClard was not biased to the extent of being
incapable of being fair.

      2.   Constitution.  In Nails’s
second issue, he argues under the Texas Constitution.  See Tex. Const. art. I, §§ 10, 19. 
Nails forfeits that argument.

      “As a prerequisite to presenting a
complaint for appellate review, the record must show that . . . the
complaint was made to the trial court . . . .”  Tex. R. App. P. 33.1(a).  “Except for
complaints involving systemic (or absolute) requirements, or rights that are
waivable only . . . all other complaints, whether constitutional,
statutory, or otherwise, are forfeited by failure to comply with Rule
33.1(a).”  Neal v. State, 150 S.W.3d 169, 175 (Tex. Crim. App. 2004)
(quoting Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004))
(ellipsis in Neal); accord Marin v. State, 851 S.W.2d 275, 277-80
(Tex. Crim. App. 1993).  Rule 33.1 is a “‘judge-protecting’ rule[] of error
preservation.”  Reyna v. State, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005)
(quoting Martinez v. State, 91 S.W.3d 331, 335 (Tex. Crim. App. 2002)). 
“[T]he party complaining on appeal . . . about a trial court’s
admission, exclusion, or suppression of evidence must, at the earliest
opportunity, have done everything necessary to bring to the judge’s attention
the evidence rule or statute in question and its precise and proper application
to the evidence in question.”  Id. (quoting Martinez at
335-36).  “The issue . . . ‘is . . . whether the
complaining party on appeal brought to the trial court’s attention the very
complaint that party is now making on appeal.’”  Id. (quoting Martinez at 336).  

      Nails does not indicate that he presented
his constitutional arguments to the trial court.  Accordingly, Nails forfeits
those arguments.  

      We overrule Nails’s first and second
issues.

II

      Motion
for Mistrial.  In Nails’s third issue, he contends that the trial
court erred in overruling a motion for mistrial.  “A mistrial is the trial
court’s remedy for improper conduct that is ‘so prejudicial that expenditure of
further time and expense would be wasteful and futile.’”  Hawkins v. State, 135
S.W.3d 72, 77 (Tex. Crim. App. 2004) (quoting Ladd v. State, 3 S.W.3d
547, 567 (Tex. Crim. App. 1999)).  

      Nails complains concerning the following italicized
argument by the State:

      Why would we put him on
probation?  He violated his parole, folks.  Why would we put him back on
probation?  What message would it send to him if you gave him probation?  He’s
been through the system.  Remember, [one witness] told you they learn how to
manipulate the system.  What message are you going to send to him if he can
continue to get worse and worse and commit a violent crime and then you
send a message to him, We’re going to let you back on the street?

      That’s going to send a bad message.  It’s
going to cause that antisocial trait, I believe, to be reenacted again because
nothing’s going to happen to him.

(5 R.R. 88.)[1]  Thereafter, the following colloquy occurred:

      MR. ODIORNE:  Your Honor, I
think that’s an improper speculation.  There’s no evidence for that foundation.

      THE COURT:  Sustained.

      MR. ODIORNE:  Ask that the
jury be instructed to disregard the remark of counsel.

      THE COURT:  Jury is instructed
to disregard the last statement.

      MR. ODIORNE:  And respectfully
move for a mistrial.

      THE COURT:  Denied.

(5 R.R. 88.)

      “Proper jury argument includes four areas:
(1) summation of the evidence presented at trial, (2) reasonable
deduction drawn from that evidence, (3) answer to the opposing counsel’s
argument, or (4) a plea for law enforcement.”  Jackson v. State, 17
S.W.3d 664, 673 (Tex. Crim. App. 2000); accord Alejandro v. State, 493
S.W.2d 230, 231-32 (Tex. Crim. App. 1973).  We assume without deciding that the
argument was improper.  See Mosley v. State, 983 S.W.2d 249, 259 (Tex.
Crim. App. 1998).

      “[Wh]ere[] the trial court sustain[s] the
defense objection and grant[s] the requested instruction to disregard,” “[t]he
only adverse ruling—and thus the only occasion for making a mistake—[i]s the
trial court’s denial of the motion for mistrial.”  Hawkins, 135 S.W.3d
at 76, 76-77.  “Under those circumstances, the proper issue is whether the
refusal to grant the mistrial was an abuse of discretion.”  Id. at
77.  “An appellate court reviewing a trial court’s ruling on a motion for
mistrial must utilize an abuse of discretion standard of review
. . . .”  Wead v. State, 129 S.W.3d 126, 129 (Tex. Crim.
App. 2004); see Russeau, 171 S.W.3d at 885.  We “must uphold the trial
court’s ruling if that ruling was within the zone of reasonable disagreement.” 
Wead at 129; see Prible v. State, 175 S.W.3d 724, 731 (Tex. Crim.
App.), cert. denied, 126 S. Ct. 481 (2005); Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  “Only in extreme
circumstances, where the prejudice is incurable, will a mistrial be required.” 
Hawkins at 77.  “On appeal, we generally presume the jury follows the
trial court’s instructions in the manner presented.”  Thrift v. State, 176
S.W.3d 221, 224 (Tex. Crim. App. 2005); see id. n.10; accord Dinkins
v. State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995).

      In evaluating whether the trial court
abused its discretion in overruling a motion for mistrial in the punishment
phase of trial, “[w]e balance three factors: (1) the severity of the
misconduct (prejudicial effect), (2) curative measures, and (3) the
certainty of the punishment assessed absent the misconduct (likelihood of the
same punishment being assessed).”  Hawkins, 135 S.W.3d at 77.  

      Nails contends, “The nature of the error
was such that an instruction could not cure it.”  (Br. at 14 (citing Fletcher
v. State, 852 S.W.2d 271, 275 (Tex. App.—Dallas 1993, pet. ref’d)).)  

      The severity of the misconduct, assuming
that the argument was improper, was not great.  The State’s argument that
probation was not an effective deterrent for Nails, who had violated his parole
after having been previously sentenced to imprisonment, arguably constituted a
plea for law enforcement and a reasonable deduction from the evidence.  As to
curative measures, the trial court’s instruction was unexceptional.  As to the
certainty of the punishment assessed, Nails concedes that the punishment was
“on the lower side of the statutory range of punishment.”  (Br. at 15.)  The jury assessed Nails’s punishment at 14 years’ imprisonment and a fine of $1000 in
the count of aggravated robbery, a first-degree felony in which the range of
punishment was imprisonment for from 5 to 99 years or for life and a fine of up
to $10,000.  See Tex. Penal Code
Ann. §§ 12.32, 29.03(b) (Vernon 2003).  The jury assessed Nails’s
punishment at 2 years’ imprisonment and no fine in the count of burglary of a
habitation with intent to commit theft, a second-degree felony in which the
range of punishment was imprisonment for from 2 to 20 years and a fine of up to
$10,000.  See id.  §§ 12.33, 30.02(c)(2) (Vernon 2003).  The jury
assessed Nails’s punishment at 2 years’ imprisonment and no fine in the count
of state-jail-felony theft, in which the range of punishment was imprisonment
for from 180 days to 2 years and a fine of up to $10,000.  See id.
§ 12.35(a)-(b) (Vernon 2003), § 31.03(e)(4)(A).  Nails pleaded guilty
to the home-invasion burglary and aggravated robbery of an elderly woman,
including striking her in the face with a metal can.  Nails’s criminal history
included several juvenile adjudications, including commitment to the Texas
Youth Commission.  Nails’s punishment was not likely to have been substantially
less absent the State’s argument.  Accordingly, the trial court did not abuse
its discretion in overruling Nails’s motion for mistrial.  We overrule Nails’s
third issue.

III

      CONCLUSION.  Having
overruled Nails’s issues, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

      (Justice
Vance concurs in the judgment with a note)*

Affirmed

Opinion
delivered and filed July 26, 2006

Do
not publish

[CR25]

*(Note by Justice Vance: “I do not join the
majority opinion for several reasons.  First, we have recently written
extensive, published opinions on the review of the failure to grant a
mistrial.  See Perez v. State, 187 S.W.3d 110, 112-15 (Tex. App.—Waco
2006, no pet. h.); Lewis v. State, 191 S.W.3d 335, 338-40 (Tex.
App.—Waco 2006, pet. filed).  We should cite our own authority, when
applicable.  Second, I would not rely on Henson v. State to set the
standard for proving bias.  Third, the opinion summarily decides that a
constitutional issue was not preserved, without even identifying the provision
relied on by Nails.”)









[1]  The
State argues that Nails forfeited his complaint concerning the first argument
concerning which Nails complains by not objecting timely.  See Tex. R. App. P.  33.1(a); Aguilar v.
State, 26 S.W.3d 901, 904-905 (Tex. Crim. App. 2000).  We assume without
deciding that Nails preserved his complaint.