**Opinion issued March 18, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00422-CR

————————————

**MARGNUS OBINNA IBE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 11-DCR-056785A**

---

## MEMORANDUM OPINION

A jury convicted Margnus Obinna Ibe of aggravated assault with a deadly weapon and assessed punishment at two years' imprisonment. Upon the recommendation of the jury, the trial court suspended appellant's sentence and

placed him on community supervision. In two points of error, appellant contends that (1) the trial court improperly denied his challenges for cause against several venire members and (2) the evidence is insufficient to support the jury's verdict. We affirm.

## Background

Appellant and Ijeoma Nwankwo were married in August 2008 and had two daughters together. In January 2011, Nwankwo filed for divorce from appellant. On February 24, 2011, after appellant had been gone for two days, Nwankwo changed the locks on the door to their house.

When appellant returned home, he discovered the changed locks but was able to enter the house through the garage door. When appellant came upstairs to the master bedroom, Nwankwo was doing schoolwork on her laptop. Nwankwo testified that appellant was upset and began screaming, told her "I'm the man of the house, you need to listen to me" and that he was going to hurt her, and demanded to know who had changed the locks and whether there was another man in the house. As Nwankwo tried to continue typing, appellant punched her laptop, shattering the screen.

Nwankwo testified that appellant then picked up a machete and smashed a television that belonged to Nwankwo's brother. After appellant put the machete down, he picked up a hammer and told Nwankwo, "you can't leave the house . . .

you can't go anywhere." When Nwankwo went downstairs to try and open the door, appellant followed her, still holding the hammer, and said, "Don't open that door. If you open that door and leave, you're going to see what I'm going to do to you."

With their four-month-old daughter asleep in her crib, Nwankwo went upstairs with her two-year-old daughter while appellant followed her, still holding the hammer. Nwankwo testified that after she locked herself in the bedroom and went into the bathroom closet to call the police, appellant began banging on the door and told her that he was going to kill her. When Nwankwo went downstairs with her daughter to wait for the police to arrive, appellant was lying on the couch, watching her, and slid the hammer underneath himself.

Houston Police Officer Kelvin Taylor was dispatched to Nwankwo's house to investigate the reported disturbance and was told that "[t]here was a woman hiding in the closet whispering and crying and a male yelling in the background." Officer Taylor testified that Nwankwo was crying and in an excited emotional state when he arrived, and that she told him she was afraid appellant was going to hit her with a hammer. When Officer Taylor entered the house, he found appellant lying on the couch wearing only a black t-shirt, white socks, and blue boxers, and that his right hand was tucked between the pillows of the sofa. After Officer Taylor handcuffed appellant, he discovered a hammer behind the pillows of the couch.

3

When Taylor questioned appellant about the hammer, appellant replied that he had been working in the backyard and denied making any threats. Taylor later found the machete and damaged laptop and television upstairs. Appellant was arrested and charged with aggravated assault with a deadly weapon.

The case proceeded to trial in April 2012. At the conclusion of voir dire, defense counsel challenged several venire members alleging that they were biased against appellant based on race or a personal experience with domestic abuse, or biased in favor of law enforcement. The trial court granted some of defense counsel's challenges for cause but denied others. The jury found appellant guilty of aggravated assault with a deadly weapon and assessed his punishment at two years' confinement. Upon the jury's recommendation, the trial court suspended appellant's sentence and placed him on community supervision. Appellant timely filed this appeal.

**Discussion**

## A. Sufficiency of the Evidence

In his second point of error, appellant argues that the evidence is legally and factually insufficient to support the jury's guilty verdict. Specifically, he asserts that the evidence is insufficient to prove beyond a reasonable doubt that he intentionally or knowingly threatened Nwankwo with immediate threat to her life. The State contends that, based on the witnesses' testimony, any rational trier of

fact could have found beyond a reasonable doubt all of the essential elements of the charged offense.

We review challenges to the sufficiency of the evidence under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 318–20, 99 S. Ct. 2781, 2788–89 (1979). *See Ervin v. State*, 331 S.W.3d 49, 53–54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (construing majority holding of *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)). Under the *Jackson* standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 317–19, 99 S. Ct. 2788–89; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). Evidence is insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786; *see also Laster*, 275 S.W.3d at 518.

An assault occurs when a person "intentionally or knowingly threaten[s] another with imminent bodily injury . . . ." TEX. PENAL CODE ANN. § 22.01(a)(2) (West Supp. 2013). An assault becomes aggravated if the person commits the assault and uses or exhibits a deadly weapon during commission of the assault. *Id.*

5

§ 22.02(a)(2) (West 2011). Here, the indictment charged appellant with "intentionally and knowingly threaten[ing] Nwankwo with imminent bodily injury," and further that appellant "did then and there use or exhibit a deadly weapon, to-wit: a hammer or a machete, during the commission of said assault."

At trial, Nwankwo testified that when appellant entered the bedroom, he was upset and told her that he was going to hurt her. After appellant punched Nwankwo's laptop, shattering the screen, he pulled out a machete and destroyed her brother's television. Nwankwo testified that she felt threatened because appellant told her he was going to hurt her and she had witnessed him destroy the television. Nwankwo also testified that appellant picked up a hammer, followed her downstairs and, still holding the hammer, told her that "you can't leave the house, you can't go anywhere," and "[i]f you open that door and leave, you're going to see what I'm going to do to you." Appellant then followed Nwankwo upstairs, banged on the locked door, and threatened to kill her.

The jury also heard Officer Taylor testify that dispatch had reported "a woman hiding in the closet whispering and crying and a male yelling in the background." When he arrived, Nwankwo told him that she was afraid that appellant was going to hit her with a hammer. After Officer Taylor handcuffed appellant, he discovered the hammer hidden behind the sofa cushions.

6

After reviewing the evidence in the light most favorable to the verdict, we conclude that the evidence is legally sufficient for a rational trier of fact to have found beyond a reasonable doubt that appellant intentionally and knowingly threatened Nwankwo with imminent bodily injury and that he used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2) (West 2011 and Supp. 2013).[1] We overrule appellant's second point of error.

---

[1] Appellant also challenges the factual sufficiency of the evidence supporting his conviction. Under Texas's traditional factual-sufficiency analysis articulated in *Clewis v. State*, 922 S.W.2d 126, 134–36 (Tex. Crim. App. 1996) (en banc) and its progeny, evidence is factually insufficient to support a verdict if, "considering all the record evidence in a neutral light," (1) the evidence supporting the verdict is "too weak" to support the fact-finder's verdict, or (2) considering conflicting evidence, the fact-finder's verdict is against the great weight and preponderance of the evidence. *Clewis*, 922 S.W.2d at 134.

This Court addressed this issue in *Ervin v. State*, 331 S.W.3d 49, 53–54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). In *Ervin*, the majority recognized that a plurality of the Court of Criminal Appeals had purported to overrule *Clewis* in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). *See Ervin*, 331 S.W.3d at 53. Under *Ervin* and *Brooks*, all challenges to the sufficiency of the evidence in a criminal case are evaluated "in the light most favorable to the prosecution"; they are not considered in a neutral light and weighed under Texas's traditional factual-sufficiency review under the Factual-Conclusivity Clause as discussed and explained by the Court of Criminal Appeals itself in 2007 in *Roberts v. State*. 221 S.W.3d 659, 662–65 (Tex. Crim. App. 2007); *see also Kiffe v. State*, 361 S.W.3d 104, 114–19 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (Jennings, J., concurring).

This panel acknowledges that, as Justice Jennings pointed out in his concurring opinion in *Kiffe*, our failure to address a defendant's question of fact constitutes a violation of the United States Constitution's guarantees of due process of law and the equal protection of the laws. *Kiffe*, 361 S.W.3d at 110–12 (Jennings, J., concurring). Nevertheless, the majority in *Ervin* chose to answer Ervin's question of fact as a question of law by incorrectly applying the *Jackson* legal-sufficiency appellate standard of review and viewing the evidence in the light most favorable to the prosecution, as set forth in *Brooks*. *See Roberts*, 221 S.W.3d at 662–63

7

## B. Challenges for Cause

In his first point of error, appellant contends that the trial court abused its discretion by denying his challenges for cause of several venire members. Specifically, appellant argues that the trial court improperly denied his challenge for cause of (1) venire person number 3 because she "openly expressed her bias against African Americans based on her experience regarding her friend being robbed and beaten by black persons," (2) venire person numbers 10, 22, 25, and 38 as these jurors were biased against him because of a personal experience involving domestic abuse, and (3) venire person numbers 12 and 28 because these jurors expressed a bias in favor of law enforcement.[2] The State argues that appellant failed to preserve error with respect to the challenged venire members.

---

(recognizing that Texas intermediate appellate courts may not "apply an incorrect standard [of review] by treating appellant's factual-sufficiency challenge as some other challenge"). Although this panel disagrees with that decision, until this Court subsequently overrules *Ervin*, we must nevertheless accept *Ervin* as binding precedent. *See Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964).

[2] A defendant may properly challenge any prospective juror who has a bias or prejudice against the defendant or any phase of the law upon which he is entitled to rely. *See* TEX. CODE CRIM. PRO. ANN. art. 35.16(a)(9), (c)(2) (West 2006). Bias is defined "as an inclination toward one side of an issue rather than to another." *Anderson v. State*, 633 S.W.2d 851, 853 (Tex. Crim. App. 1982). When reviewing a trial court's decision to deny a challenge for cause, we look at the entire record to determine if there is sufficient evidence to support the ruling. *See Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). The test is whether a bias or prejudice would substantially impair the venire member's ability to carry out the juror's oath and judicial instructions in accordance with the law. *Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009).

To preserve error for a trial court's erroneous denial of a challenge for cause, an appellant must show that (1) he asserted a clear and specific challenge for cause; (2) he used a peremptory challenge on the complained-of venire member; (3) his peremptory challenges were exhausted; (4) his request for additional strikes was denied; and (5) an objectionable juror sat on the jury. *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010) (citing *Green v. State*, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996)). Here, trial counsel challenged prospective juror numbers 3, 10, 12, 22, 25, 28, and 38.[3] However, the record reflects that appellant did not request any additional peremptory strikes when the trial court denied his challenges for cause against these venire members. Further, appellant did not identify to the trial court an objectionable juror who sat on the jury against whom he would have used any additional peremptory challenges.[4] Therefore, appellant has not shown that he preserved his complaint regarding the trial court's denial of his challenges for cause against these jurors. *See Davis*, 329 S.W.3d at 807. We overrule appellant's first point of error.

---

[3] Trial counsel also challenged a number of other venire members but does not complain on appeal about the trial court's denial of his challenges for cause with regard to these venire members.

[4] The record further shows that appellant did not use a peremptory strike on challenged venire member numbers 12, 22, 25, 28 and 38.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish.   TEX. R. APP. P. 47.2(b).