PD-1615-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/29/2014 5:40:36 PM
Accepted 12/30/2014 10:55:45 AM
ABEL ACOSTA
CLERK

NO. PD-1615-14

IN THE COURT OF CRIMINAL APPEALS

**STATE OF TEXAS**,
            Petitioner

**vs.**

**WILLIAM SMITH**,
            Respondent

State's Petition for Discretionary Review from *William Smith v. State*, No. 13-11-00694-CR in the Thirteenth Court of Appeals, trial cause No. 11-CR-0403-C in the 94th Judicial District Court, Nueces County, the Hon. Bobby Galvan presiding

## REPLY TO STATE'S PETITION FOR DISCRETIONARY REVIEW

Respectfully submitted by:

Donald B. Edwards
State Bar No. 06469050
Law Office of Donald B. Edwards
P.O. Box 3302
Corpus Christi, TX 78463-3302
(361) 887-7007
(361) 887-7009 (fax)

FILED IN
COURT OF CRIMINAL APPEALS

December 30, 2014

ABEL ACOSTA, CLERK

# Table of Contents

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.  The State's petition for review lacks grounds to warrant this Honorable Court's attention.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.  This Honorable Court has correctly determined the Transportation Code does not create an exception to the warrant requirement to permit warrantless blood draws.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.  The trial court was made sufficiently aware of the complaint in a timely fashion for purposes of preserving error under the Rules of Appellate Procedure, and the issue does not otherwise merit review.. . . . . . . . . . . . . 5

Prayer.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Certificate of Compliance and Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Index of Authorities

**Cases**

*Anderson v. State*, 633 S.W.2d 851 (Tex. Crim. App. 1982). . . . . . . . . . . . . . . . . . 6

*Garza v. State*, 126 S.W.3d 79 (Tex. Crim. App. 2004). . . . . . . . . . . . . . . . . . . . . . 6

*Missouri v. McNeely*, 133 S.Ct. 1552 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*State v. Villarreal*, PD-0306-14 (Tex. Crim. App. November 26, 2014). . . . . . . 4, 5

**Court Rules**

Tex. R. App. P. 33.1(a)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**I. The State's petition for review lacks grounds to warrant this Honorable Court's attention.**

The State has offered only two grounds for review. The first, whether the implied consent statute and mandatory blood draw provisions of the Transportation Code provide an exception to the warrant requirement, has already been answered by this Honorable Court in the negative in *State v. Villarreal*, PD-0306-14 (Tex. Crim. App. November 26, 2014). While that case is still pending on rehearing, Respondent would contend this Honorable Court correctly determined that the Transportation Code does not create a permissible exception to the warrant requirement, as has also been held by most of the Courts of Appeals in this State. The second ground for review, whether the defendant failed to preserve error by objecting in a timely fashion, does not present an issue of significance to the jurisprudence of the State that it warrants being addressed by this Honorable Court. None of the In fact, even if the State is correct about the error not being preserved at trial, by granting PDR on an issue concerning the timeliness of an objection recognized by defense counsel, this Honorable Court would do little more than require the issue concerning the unconstitutional taking of a blood sample without warrant or consent to be re-urged via a habeas petition, necessitating needless expense and a waste of judicial resources.

**II. This Honorable Court has correctly determined the Transportation Code does not create an exception to the warrant requirement to permit warrantless blood draws.**

In *State v. Villarreal*, PD-0306-14, this Honorable Court held the Transportation Code does not create an exception to the warrant requirement to permit a warrantless taking of blood. The State has offered no argument in its petition in this case to distinguish it from *Villarreal*. Respondent would contend this Honorable Court directly decided *Villarreal* in light of the controlling precedent of *Missouri v. McNeely*, 133 S.Ct. 1552 (2013). Respondent reserves the right to discuss the issue of the unconstitutionality of a warrantless blood draw in the event this Honorable Court decides to grant this petition and requests briefing on the merits.

**III. The trial court was made sufficiently aware of the complaint in a timely fashion for purposes of preserving error under the Rules of Appellate Procedure, and the issue does not otherwise merit review.**

The State complains Respondent's counsel did not timely object to the admission of the blood test results and thus waived the issue on appeal. Respondent contends the objection was sufficient and timely to prevent the trial court from considering inadmissible evidence as the trier of fact. Furthermore, if the objection is held to be untimely, the inevitable result will be a habeas petition urging ineffective assistance of counsel for failing to object in a timely fashion to evidence he showed

himself to understand was inadmissible at the time of trial, such ineffective assistance being more than sufficient to undermine the outcome of the trial.

The purpose of a timely objection is to give the trial judge the opportunity to cure error. *See generally Anderson v. State*, 633 S.W.2d 851 (Tex. Crim. App. 1982). This was a trial to the bench, not to a jury. Judges sitting as triers of fact may be required to hear about the nature of seized evidence before having to rule on motions to disregard or suppress the same, yet still be tasked to judge the case after learning of the evidence that it has to disregard. *Garza v. State*, 126 S.W.3d 79, 83 (Tex. Crim. App. 2004). The trial judge is presumed to be able to disregard on request improperly admitted evidence, so "the time at which a motion is re-urged or a ruling is obtained is not as crucial, because the judge, as fact-finder, is aware of the substance of the motion regardless of when the defendant finally argues it. Conversely, in a jury trial, the timing of an objection and ruling is much more important because, if the objection is not made early enough and a ruling is not obtained, the jury is able to hear evidence which it might never have

heard at all." *Id.*

In this case, it is true that the blood test results were revealed to the trial court before Respondent leveled his many objections to the taking and testing of the sample; however, immediately upon the proffer of that evidence, Respondent objected

on many grounds, and the case essentially stopped for a long discussion about the taking of the blood without a warrant and whether such taking was unconstitutional. After a long discussion about the nature of Respondent's objection to the evidence, the trial court stated from the bench that it understood Respondent to be making an objection on Fourth Amendment search and seizure grounds. RR Vol. 1, p. 84, ll. 10-25. When the State reoffered the exhibit of the blood test results, defense counsel reurged his objections. RR Vol. 1, p. 93, ll. 18-25. The trial court stated it would reserve ruling on the constitutional issue. RR Vol. 1, p. 95, ll. 17-19. At the close of evidence, defense moved for an "instructed verdict," complaining again that the blood was taken in violation of the Fourth Amendment. RR Vol. 2, p. 21, ll. 8-11.

This was more than adequate to "make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a)(1)(A). It actually made the trial court aware of the complaint that Respondent's blood was illegally seized without a warrant or express consent and the test results should be held inadmissible. The trial court could have disregarded the evidence but chose not to do so, instead relying on the test results to find Respondent guilty. RR Vol. 2, p. 26, l. 21 through p. 27, l. 11.

The Thirteenth Court of Appeals' determination that the issue was preserved was neither against the plain language of the rule, in conflict with decisions of other courts of appeals, in conflict with rulings by this Honorable Court, or so far departed

7

from the ordinary course of judicial procedure to require this Honorable Court to address the decision of the lower court.

Even if this Honorable Court were to hold the objection was not timely, there can be no viable trial strategy in waiting behind the log to permit the introduction of inculpatory evidence before objecting to the same. Trial counsel's objections showed he was aware of the need to make the Fourth Amendment complaint, but he might have been tardy in doing so. Valuable judicial resources would be wasted in the exercise of reversing the decision of the Court of Appeals and requiring Respondent and the State (and the courts) to entertain an 11.07 petition to get to the same result already reached by the Thirteenth Court of Appeals in this case.

### Prayer

Respondent respectfully requests this Honorable Court to deny the State's Petition for Discretionary Review.

Respectfully submitted,

Donald B. Edwards
Attorney for Respondent
State Bar No. 06469050
Law Office of Donald B. Edwards
P.O. Box 3302
Corpus Christi, TX 78463-3302
(361) 887-7007
(361) 887-7009 (fax)

**Certificate of Compliance and Service**

I, Donald B. Edwards, certify that I hand delivered a copy of this reply to the Nueces County District Attorney's Office, attention Mr. Doug Norman, and to the Office of the State Prosecuting Attorney on December 29, 2014, via the State's electronic filing and service system, and that the reply contains 1129 words in those matters not exempted by Rule 9.

_____

Donald B. Edwards