# NO. 12-17-00173-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RANDALL GENE LOONEY, II,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Randall Gene Looney, II appeals his conviction for burglary of a habitation. In one issue, he argues that the trial court abused its discretion because it refused his request for an additional peremptory strike. We affirm.

### BACKGROUND

Appellant was charged by indictment with burglary of a habitation. The indictment further alleged that Appellant used or exhibited a deadly weapon during the commission of the offense and previously was convicted of two felonies. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. Following the presentation of evidence, the jury found Appellant "guilty" as charged. The matter proceeded to a trial on punishment, whereupon the jury found the enhancement allegations to be "true" and assessed Appellant's punishment at imprisonment for seventy-five years. The trial court sentenced Appellant accordingly, and this appeal followed.

### REFUSAL OF ADDITIONAL PEREMPTORY STRIKES

In his sole issue, Appellant argues that the trial court abused its discretion because it refused his request for an additional peremptory strike.

**Standard of Review and Governing Law**

A defendant may move to challenge a potential jury member on the ground that the panelist "has a bias or prejudice . . . against the defendant." TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9) (West 2006); *Hernandez v. State*, No. 03-15-00662-CR, 2016 WL 3917129, at *1 (Tex. App.–Austin July 15, 2016, no pet.) (mem. op., not designated for publication); *see also Halay v. State*, No. 03-07-00327-CR, 2008 WL 5424095, at *11 (Tex. App.–Austin Dec. 31, 2008, no pet.) (mem. op., not designated for publication) (providing that "[a] juror is biased when 'an inclination toward one side of an issue rather than to the other leads to the natural inference that [the juror] will not or did not act with impartiality'") (quoting *Anderson v. State*, 633 S.W.2d 851, 853 (Tex. Crim. App. 1982)).[1] In other words, a panelist is challengeable "if he cannot impartially judge the credibility of witnesses," but "this means only that jurors must be open minded and persuadable, with no extreme or absolute positions regarding the credibility of any witness." *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999). "The test is whether a bias or prejudice would substantially impair the venire member's ability to carry out the juror's oath and judicial instructions in accordance with the law." *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). "Before venire members may be excused for cause, the law must be explained to them, and they must be asked whether they can follow that law, regardless of their personal views." *Id.* The party seeking to have the panelist struck does not meet his burden of establishing that the challenge is proper "until he has shown that the venire member understood the requirements of the law and could not overcome his or her prejudice well enough to follow the law." *Id.*

A defendant also may challenge for cause a venire panel member because she is related within the third degree of consanguinity or affinity, as determined under Chapter 573 of the Texas Government Code, to the person injured by the commission of the offense, or to any prosecutor in the case. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(1) (West 2006).

"When the trial court errs in overruling a challenge for cause against a venireman, the defendant is harmed only if he uses a peremptory strike to remove the venireman and, thereafter, suffers a detriment from the loss of the strike." *Demouchette v. State*, 731 S.W.2d 75, 83 (Tex. Crim. App. 1986). To preserve error on denied challenges for cause, an appellant must demonstrate on the record that (1) he asserted a clear and specific challenge for cause, (2) he used a peremptory

---

[1] There are various other reasons a juror may be challenged for cause. *See* TEX. CODE CRIM. PROC. ANN. art. 36.16(a).

2

challenge on the complained-of venireperson, (3) all his peremptory challenges were exhausted, (4) his request for additional strikes was denied, and (5) an objectionable juror sat on the jury. ***Feldman v. State***, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002), *superseded by statute on other grounds as stated in* ***Coleman v. State***, No. AP-75,478, 2009 WL 4696064, at *11 (Tex. Crim. App. Dec. 9, 2009) (not designated for publication).

A trial court has discretion "to grant additional challenges upon exhaustion of the statutory number of strikes." ***Cooks v. State***, 844 S.W.2d 697, 717 (Tex. Crim. App. 1992), *superseded on other grounds as stated in* ***Bell v. State***, 415 S.W.3d 278, 282 (Tex. Crim. App. 2013). "No abuse of discretion will be found for overruling a defendant's request for additional strikes in the absence of 'wrongdoing' on the part of the trial court." ***Id.*** (quoting ***Thomas v. State***, 701 S.W.2d 653, 658 (Tex. Crim. App. 1985)); ***Hernandez***, 2016 WL 3917129, at *2. "Such wrongdoing may exist if the trial court has improperly overruled a defendant's challenge for cause and the defendant has accordingly used a strike on a juror who is subject to a challenge for cause." ***Hernandez***, 2016 WL 3917129, at *2.

## Discussion

In the instant case, Appellant identifies Veniremember Halbert and Veniremember Woodard as the potential jurors who he found to be objectionable.

### *Halbert*

Appellant made a challenge for cause against Halbert, the spouse of a former investigator for the Henderson County District Attorney's Office, who originally was listed as a potential witness by the State.[2] During voir dire, Halbert stated that she was not aware of any of the facts of the case and would be fair to the defense. She further stated that the fact that she knew the prosecutors in the case was not an issue for her. She also stated that she and her husband did not talk about his job and she could find Appellant "not guilty" if the State failed to prove its case beyond a reasonable doubt. Moreover, in response to Appellant's challenge for cause, the prosecuting attorney informed the trial court that the State did not intend to call Halbert's husband as a witness.[3]

---

[2] The record reflects that Halbert's husband was not a fact witness, but originally was listed as a witness to testify concerning fingerprints.

[3] Anticipating that the trial court would deny his challenge for cause, Appellant requested an additional peremptory strike since he planned to use one of his peremptory strikes against Halbert. As Appellant expected, the trial court denied his challenge for cause against Halbert as well as his request for an additional peremptory strike.

Based on our review of the record, we conclude that the trial court did not abuse its discretion in denying Appellant's challenge for cause against Halbert because Appellant did not establish that his challenge was proper. The evidence does not support that Halbert was related by the third degree of consanguinity or affinity to a prosecutor in the case. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(1). Moreover, Appellant failed to demonstrate that Halbert held a bias or prejudice against Appellant or any of the law upon which Appellant was entitled to rely, or otherwise could not act with impartiality. *See id.* art. 35.16(a)(9), (c)(2); *Halay*, 2008 WL 5424095, at *11.

### Woodard

Furthermore, the record does not support that Appellant suffered a detriment because he used a peremptory strike against Halbert. *See Feldman*, 71 S.W.3d at 744. In his brief, Appellant argues that as a result the trial court's refusal to grant him an additional peremptory strike, Woodard was seated on the jury. The record reflects that Woodard stated that she had been a victim of a burglary and, as a result, could not consider the full range of punishment. However, when Appellant requested an additional peremptory strike, he made no mention of Woodard as an objectionable juror to the trial court.

### Summation

Based on the foregoing, we hold that the trial court did not abuse its discretion in denying Appellant's challenge for cause against Halbert. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9), (c)(2); *Halay*, 2008 WL 5424095, at *11. We further hold that the record does not support that Appellant was harmed as a result of Woodard's being seated on the jury because he failed to inform the trial court that she was objectionable to him when he requested an additional peremptory strike. *See Feldman*, 71 S.W.3d at 744; *Hernandez*, 2016 WL 3917129, at *2. Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered October 3, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 3, 2018

NO. 12-17-00173-CR

**RANDALL GENE LOONEY, II,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Henderson County, Texas (Tr.Ct.No. CR16-0182-3)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*